Opinion by
Max C. Wilson, District Judge*.
Jimmy Vaughn, Jr., herein referred to as defendant, brings this writ of error in which he seeks reversal of convictions of the crime of robbery and the crime of assault with a deadly weapon. Both charges arose out of related transactions, and concurrent sentences were imposed.
'Motion for new trial was filed July 28, 1967, and denied on January 28, 1968. Defendant’s position that the trial court erred in denying defendant’s motion for judgment of acquittal as to both counts has been abandoned here.
Defendant contends that the trial court committed prejudicial error in verbally instructing the jury to the effect that insane people are not responsible. We do not find such a statement in the record. Under such circumstances, the case of Tomeo v. People, 158 Colo. 26, 404 P.2d 287, is dispositive. In Tomeo, we said:
“It may be that if one reads between the lines it might possibly be assumed that the Torneos somehow answered the inquiry of the court in the affirmative. However, on review by writ of error we are bound by the record as we find it and are not at liberty to add to it by reading between the lines. . . .”
The defendant contends further that the trial court committed prejudicial error in allowing defendant *126 to be charged and convicted of more than one offense. It is asserted that there was a merger of offenses; or, in the alternative, that assault with a deadly weapon is a lesser included offense of aggravated robbery. The case of Johnson v. People, 174 Colo. 413, 484 P.2d 110 (1971), disposes of these points adversely to the defendant.
The testimony of the victim, Bruggerman, is not contradicted and clearly establishes that he was struck with a hand gun by the defendant after the commission of the robbery.
Defendant complains of the giving of instruction number 15, which is the usual instruction on intoxication. There was no error in giving this instruction. Defendant’s tendered instruction number one, which was refused, is a combination of several instructions and not in proper form. The court properly instructed separately on the principles commingled in defendant’s tendered instruction number one. There was no error in refusing to give defendant’s instruction number one.
Defendant asserts that the jury should have been instructed on “simple” robbery and “simple” assault. There is no evidence in the record which would support such instructions. The testimony given by the defendant himself was simply that he did not remember. The prosecution witnesses, if believed by the jury, substantiated aggravated robbery and assault with a deadly weapon.
The judgment is affirmed.
Mr. Chief Justice Pringle, Mr. Justice Erickson and Oyer G. Leary, District Judge,* concur.

District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.