# STATE OF OREGON,
*Respondent,*

*v.*

# ROGER SCOTT ALLEN,
*Appellant.*

## (C82-07-36518; CA A43877)

747 P2d 384

Phillip M. Margolin, Portland, argued the cause and submitted the brief for appellant.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

On July 25, 1982, defendant, along with Steven Kessler and other inmates of the A tank at Rocky Butte Jail, escaped from A tank. Kessler had a pistol. He subdued guard Stockton in the jail's dining room. When Turney, the jail shift commander, unexpectedly entered the dining room, Kessler subdued him and forced the two guards to go to the rear security door of the jail's control center. Kessler forced Turney to help the inmates gain entrance to the control center. Once inside the center, the prisoners were able to escape from the jail.

Defendant was charged, as an aider and abettor, with, *inter alia,* kidnapping in the first degree with regard to both Stockton and Turney. In his first appeal, we modified the conviction for kidnapping in the first degree to kidnapping in the second degree. *State v. Allen,* 76 Or App 263, 708 P2d 1201 (1985). The Supreme Court reversed and remanded to the trial court for retrial on the kidnapping charges. *State v. Allen,* 301 Or 35, 717 P2d 1178 (1986). In October, 1986, pursuant to plea negotiations, defendant withdrew his plea of not guilty on the kidnapping charges and entered pleas of guilty to the lesser included offenses of kidnapping in the second degree. Defendant assigns as error the trial court's imposition of separate sentences for the kidnapping convictions in addition to his earlier sentences for his 1983 convictions for escape. We affirm.

■ Defendant argues that the sentences should be "merged."[1] He relies on *State v. Girard,* 34 Or App 85, 578 P2d 415 (1978), in which we held that the legislature did not intend for a defendant to be separately convicted and sentenced for escape based on the use of force as well as for assault when the same force causes physical injury. We held that the interests protected by the "use-of-force" element of escape and the assault statute are exactly the same.

---

[1] The issue is not "merger," a term which really only applies when "the completion of one offense necessarily includes commission of acts sufficient to constitute violation of another statute." *State v. Cloutier,* 286 Or 579, 586, 596 P2d 1278 (1979). When a defendant has been validly convicted of separate offenses, the question is not whether there has been a "merger," but whether cumulative sentences can be imposed. *State v. Kessler,* 297 Or 460, 463, 686 P2d 345 (1984).

Defendant argues that the same reasoning applies here. ORS 163.225 defines kidnapping in the second degree:

"(1) A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, the person:

"(a) Takes the person from one place to another; or

"(b) Secretly confines the person in a place where the person is not likely to be found."

ORS 163.215 defines "without consent" to mean that "the taking or confinement is accomplished by force, threat, or deception * * *." Defendant argues that the seizure of the guards was an act which involved the use of force. Because defendant used force to accomplish the kidnapping, he asserts that *Girard* compels the conclusion that he cannot be sentenced separately for the convictions of kidnapping and escape.

■       It first should be noted that *Girard* was decided before *State v. Cloutier, supra* n 1, and *State v. Garcia,* 288 Or 413, 605 P2d 671 (1980). Whatever continuing vitality *Girard* may have on the issue of multiple sentences for convictions of escape and assault, it does not control here. The determination of a separate punishment for kidnapping depends on whether the defendant intended to interfere substantially with the victim's personal liberty, not on whether the element of force in kidnapping is the same as the element of force in escape. In *Garcia* the Supreme Court examined the 1971 revision of the kidnapping statutes as it relates to situations in which the purported kidnapping occurred in the course of a robbery or rape. The court concluded that the language of ORS 163.225, that the perpetrator have "the intent to interfere substantially" with the victim's personal liberty, embodies the legislative intent to punish kidnapping as a separate crime when the detention or asportation is not merely incidental to the commission of the underlying crime. The determination of the perpetrator's intent is a question of fact. *State v. Garcia, supra,* 288 Or at 421.

■       That analysis is not limited to situations in which a kidnapping occurs in the course of a robbery or a rape. In *State v. Kessler, supra,* n 1, the court upheld sentences for kidnapping arising out of the same escape. The court noted that the

kidnappings, including those of the correctional officers for which defendant was convicted, were not immaterial to the escape from the jail. Defendant, as an aider and abettor of Kessler's actions, participated in kidnappings which were intermediate, separate steps toward the ultimate objective of escape. *See State v. Kessler, supra,* n 1, 297 Or at 467. Furthermore, defendant pled guilty to kidnapping. We are satisfied in the light of his plea that defendant acknowledged that he intended to interfere with another's liberty independently of the escape. Accordingly, the trial court did not err in sentencing him separately on the convictions for kidnapping and for escape.

Affirmed.