769 P.2d 1299

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Rex GAMMIL, Defendant–Appellant.**

No. 10580.

Court of Appeals of New Mexico.

Feb. 9, 1989.

Hal Stratton, Atty. Gen., Margaret Mc-Lean, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Wade H. Russell, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

OPINION

BIVINS, Chief Judge.

Defendant appeals his convictions for aggravated battery, robbery, and conspiracy to commit robbery. Defendant raises five issues: (1) whether the trial court erred in imposing consecutive sentences for the robbery and aggravated battery convictions because the aggravated battery offense merged into the robbery offense; (2) whether the trial court erred in denying defendant's motion to dismiss the indictment; (3) whether the trial court erred in denying defendant's motion to suppress; (4) whether the trial court erred in admitting a card containing defendant's fingerprints from a 1982 conviction; and (5) whether there is sufficient evidence to support defendant's convictions. We reverse as to issue one and affirm as to issues two through five. Only issue one meets the criteria for publication under SCRA 1986, 12–405. Therefore, only that issue will be published; the remainder of the opinion, which is incorporated by reference, will be a memorandum opinion and may not be cited as precedent.

*Facts*

Defendant was indicted for robbery, aggravated battery, and conspiracy to commit robbery. His convictions arose out of an incident which occurred at a Smith's grocery store in Albuquerque. The victim, Mary Denkins, testified that as she was walking into the Smith's grocery store, someone ran up from behind her and grabbed her purse, on which she automatically closed her hand, and was then spun around and thrown to the ground. She testified that she did not get a good look at the offender.

Two customers who were in Smith's at the time of the incident, Russell and Berry, ran to their car to follow the offender.

They saw a male with a purse under his arm, whom they would later identify at trial as defendant, run from a vacant lot adjacent to Smith's, get into the passenger side of a car, and drive away with an unknown person. They followed the car for several blocks until it came to a stop in front of Alvarado Elementary School.

Defendant was convicted of all three counts charged in the indictment. He was sentenced to three years for the robbery, three years for the aggravated battery to run consecutively to the robbery, and eighteen months for the conspiracy to run concurrently with the robbery.

*Issue One (Merger)*

Defendant argues the aggravated battery conviction and the robbery conviction merged and that he should have received concurrent sentences for these convictions. Relying on *State v. Jacobs*, 102 N.M. 801, 701 P.2d 400 (Ct.App.1985), defendant argues that under the facts of this case, the aggravated battery offense merged into the robbery offense because the force used to commit the robbery was the same force used to commit the aggravated battery. These two offenses are defined as follows:

> Aggravated battery consists of the *unlawful touching or application of force* to the person of another *with intent to injure that person or another*. [Emphasis added.]

NMSA 1978, § 30–3–5(A) (Repl.Pamp.1984).

> Robbery consists of the *theft of anything of value* from the person of another or from the immediate control of another, *by use or threatened use of force or violence*. [Emphasis added.]

NMSA 1978, § 30–16–2 (Repl.Pamp.1984).

The state counters that merger is not involved here because the statutory elements of each crime are different, and the evidence shows defendant first committed the robbery and subsequently committed the aggravated battery by throwing the victim to the ground after stealing her purse.

■ Merger is an aspect of double jeopardy. *See State v. Sandoval*, 90 N.M. 260, 561 P.2d 1353 (Ct.App.1977). Double jeopardy applies to subsequent prosecutions; merger applies to the concept of multiple punishment when multiple charges are brought in a single prosecution. *See id.* Under *Sandoval* two tests were set forth to determine whether double jeopardy applies. The first test is the "necessarily included" offense rule. *See id.* Under *Sandoval* the concept of lesser included offenses involves a comparison of the statutory elements of each crime; if either offense could be committed without committing the other, then the concept of lesser included offenses is inapplicable. The second test to determine whether double jeopardy applies involves the "same evidence" rule. *See id.* Under this test, if the facts offered in support of one offense would sustain a conviction for the other offense, then double jeopardy applies. *See id.* The "same evidence" test also focuses on the elements of the crimes. *See id.* These two tests were applied in *Sandoval* to determine whether merger was applicable in a situation where multiple charges were brought in a single trial. *See id.*

However, after *State v. DeMary*, 99 N.M. 177, 655 P.2d 1021 (1982), the test to determine whether one offense necessarily includes another now also requires an examination of the particular facts of each case. *See id.* (specific elements must initially be construed in light of the evidence). The included offense has no elements not included in the greater offense so that it is impossible to commit the greater offense without necessarily committing the included offense. *See id.; State v. Jacobs*. This is an aspect of the "same transaction" test repudiated in *State v. Tanton*, 88 N.M. 333, 335–36, 540 P.2d 813, 815–16 (1975) ("same transaction" test concerned with whether the offenses were committed at the same time, were part of a continuous criminal act, and were inspired by the same criminal intent). *State v. Jacobs*, 102 N.M. at 804, 701 P.2d at 403.

■ The state relies on *Sandoval* in support of its argument that the "necessarily

included" rule does not apply to this case. The state argues that a comparison of the elements of robbery and aggravated battery shows it is possible to commit one without committing the other, and therefore the "necessarily included" rule does not apply. *See State v. Sandoval.* However, this argument ignores the change in the analysis effected by *DeMary,* which requires a comparison of the statutory elements in light of the particular facts of each case. *See also State v. Jacobs.* The fact that a comparison of the statutory elements shows one offense can be committed without committing the other offense is not determinative of whether merger applies. *See id.* "[W]e no longer consider * * * statutory offenses in a vacuum but instead regard the offenses in light of the facts before us." *State v. Brecheisen,* 101 N.M. 38, 41, 677 P.2d 1074, 1077 (Ct.App. 1984).

The state also argues merger does not apply because the evidence establishes defendant first took the victim's purse and then threw her to the ground. *See State v. Begay,* 105 N.M. 498, 734 P.2d 278 (Ct.App. 1987) (no merger because one offense could be committed without committing the other and the two offenses involved required proof of different facts); *State v. Williams,* 105 N.M. 214, 730 P.2d 1196 (Ct.App.1986) (no merger because different evidence required to prove the two offenses); *State v. Muise,* 103 N.M. 382, 707 P.2d 1192 (Ct.App.1985) (different evidence used to prove the two offenses); *State v. Singleton,* 102 N.M. 66, 691 P.2d 67 (Ct. App.1984) (same). However, the evidence in this case shows defendant committed the robbery and the aggravated battery by one act. The victim maintained her hold on her purse as she was being jerked around, and defendant pulled or pushed her to the ground to separate her from her purse. Therefore, the foregoing authorities do not help the state.

Under the facts of this case, we conclude the aggravated battery offense merged into the robbery offense because the intent to forcibly take the victim's purse included the intent to injure her. Accordingly, the aggravated battery offense did not have an element not included in the robbery offense, and the robbery offense could not have been committed without also committing the aggravated battery offense. *See State v. Jacobs.* Therefore, the two offenses merged. *See id.* Where merger is applicable, the remedy is not to vacate the conviction for the included offense; rather, it is to vacate the sentence imposed for the included offense. *See id.*

This completes the only portion of the opinion that is to be published. The remainder shall not be published.

### Conclusion

We affirm defendant's convictions. We remand for an amended sentence consistent with this opinion.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.