The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Mark Stanton HENDERSON,
Defendant–Appellant.

No. 87CA1205.

Colorado Court of Appeals,
Div. II.

Dec. 28, 1989.

Rehearing Denied March 1, 1990.

Certiorari Granted July 30, 1990.

Cross–Petition for Certiorari Denied
July 30, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Kathleen A. Lord, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge FISCHBACH.

Defendant, Mark Stanton Henderson, appeals the judgment of conviction and the sentences imposed following a jury verdict finding him guilty of two counts each of first degree sexual assault, sexual assault on a child, and second degree kidnapping involving sexual assault. All charges were based on the events of a single evening after the two teenage victims hitchhiked a ride with the defendant. Four consecutive sentences were imposed for the first degree sexual assault and second degree kidnapping convictions, and concurrent sentences were imposed for the counts of sexual assault on a child.

Defendant's primary contention on appeal is that his convictions and sentences for both sexual assault and kidnapping involving sexual assault constitute double punishment for the same conduct in violation of the doctrine of merger, the Double Jeopardy Clauses of the Colorado and United States Constitutions, and § 18-1-408, C.R.S. (1986 Repl.Vol. 8B). He also raises several evidentiary and trial errors. We reverse with respect to the primary issue on the basis of merger and otherwise affirm.

## I.

Defendant contends that his multiple convictions for both second degree kidnapping involving sexual assault and the sexual assault crimes violate the doctrine of merger, in that the two sexual assault crimes are lesser included offenses of the kidnapping charge, with which they merge. Consequently, he argues, the convictions for both underlying sexual assault crimes must be vacated. The People, on the other hand, maintain that second degree kidnapping including sexual assault is not a separate offense at all, but merely a type of kidnapping for which an enhanced sentence may be imposed. Therefore, the People assert, there can be no merger. We agree with the defendant that one, but only one, of the sexual assault crimes merges with the offense of kidnapping including sexual assault and, therefore, remand the cause to the trial court to vacate one of the convictions and to resentence the defendant.

## A.

The rule of merger precludes a conviction for a crime that is the lesser included offense of another crime for which the defendant has also been convicted in the same prosecution. An offense is "lesser included" for purposes of merging into a greater offense when proof of the essential elements of the greater offense necessarily establishes all of the elements required to prove the lesser offense. *Boulies v. People*, 770 P.2d 1274 (Colo.1989). Therefore, for one or both of defendant's convictions to merge into kidnapping including sexual assault, the last charge must be an "offense," as defined by the General Assembly, the elements of which include proof of all the elements of the sexual assault crimes.

The statute defining the class two felony of second degree kidnapping including sexual assault provides, in relevant part, as follows:

"(1) Any person who knowingly ... seizes and carries any person from one place to another, without his consent and without lawful justification, commits second degree kidnapping.

. . . .

(3) Second degree kidnapping by any person under subsection (1) ... of this section is a class 2 felony if the person kidnapped:

(a) Is a victim of a sexual assault;

. . . .

(5) Second degree kidnapping is a class 4 felony in all other cases not covered by subsection (3) or (4) of this section."

**1052**

Section 18-3-302, C.R.S. (1986 Repl.Vol. 8B).

■ The Colorado Criminal Code establishes that second degree kidnapping including sexual assault is an independent offense and not, as the People contend, merely second degree kidnapping with an enhanced sentence.

Section 18-1-104, C.R.S. (1986 Repl.Vol. 8B), defines the word "offense" as follows:

"(1) The terms 'offense' and 'crime' are synonymous and mean a violation of, or conduct defined by, any state statute for which a fine or imprisonment may be imposed."

"(2) Each offense falls into one of ten classes. There are five classes of felonies ... three classes of misdemeanors ... and two classes of petty offenses."

*Cf.* § 18-1-104, C.R.S. (1989 Cum.Supp.) (classes of offenses increased to 11, classes of felony to 6).

The language of § 18-1-104(2), thus, provides that each offense must fall into a single class; a single offense cannot be divided into several classes. Accordingly, the class four felony of second degree kidnapping is one offense; the class two felony of second degree kidnapping including sexual assault is another.

This conclusion is consistent with the structure of our criminal code, which is divided into separate articles for, among other categories, "Imposition of Sentence," § 16-11-101, et seq., C.R.S. (1986 Repl.Vol. 8A); "Special Proceedings," § 16-13-101, et seq., C.R.S. (1986 Repl.Vol. 8A); "Provisions Applicable to Offenses Generally," § 18-1-101, et seq., C.R.S. (1986 Repl.Vol. 8B); and, finally, those articles devoted to various kinds of offenses, § 18-3-101, et seq., C.R.S. (1986 Repl.Vol. 8B).

The felony at issue here has been placed within the article defining "Offenses Against the Person," § 18-3-101, et seq., C.R.S. (1986 Repl.Vol. 8B). By contrast, the statutes that have been consistently interpreted to establish *mere* sentence enhancement, and not separate offenses, have been placed only in the earlier articles. *See* § 16-11-309, C.R.S. (1989 Cum.Supp.) (mandatory sentences for violent crimes);

§ 16-13-101, C.R.S. (1986 Repl.Vol. 8A) (punishment for habitual criminals); § 18-1-105(9), C.R.S. (1986 Repl.Vol. 8B) (sentencing guidelines when extraordinary aggravating circumstances are present). None of these aggravated sentencing provisions is designated by statutory language as a felony.

The distinction between pure sentence enhancement statutes and those defining separate offenses is illustrated in *People v. Haymaker*, 716 P.2d 110 (Colo.1986). Haymaker was convicted of first degree sexual assault and sentenced in the aggravated range therefor because the offense was determined to have been a crime of violence. He challenged his sentencing in the aggravated range as a violation of his double jeopardy protection on the ground that the decisive factor in requiring the aggravated sentence for a crime of violence was the same factor that raised his first degree sexual assault from a class three to a class two felony.

The court rejected Haymaker's argument by implicitly recognizing that the class two felony of sexual assault with a deadly weapon was a substantive offense, but that the crime of violence statute was only a sentencing provision intended by the General Assembly to be applied to the substantive crime to create a longer sentence. The crime of violence statute, *unlike* the statute defining sexual assault with a deadly weapon, did not create a separate offense. *See Brown v. District Court*, 194 Colo. 45, 569 P.2d 1390 (1977) (violent crime sentencing statute is "a sentencing provision, and not an offense"); *Maestas v. District Court*, 189 Colo. 443, 541 P.2d 889 (1975) (habitual criminal statute "does not define a substantive offense" but only provides for more severe penalties); *see also Beigel v. People*, 683 P.2d 1188 (Colo.1984) (reversing court of appeals decision which had held that the aiding and abetting factor in the class two felony of first degree sexual assault did not have to be proven beyond a reasonable doubt because it did not define a new offense).

Inasmuch as the class two felony of second degree kidnapping including sexual as-

sault is an offense unto itself, the question becomes whether some of the elements of that crime encompass the elements of the sexual assault offenses here at issue.

Elements, in the context of criminal law, are "those constituent parts of a crime which must be proved by the prosecution to sustain a conviction." Black's Law Dictionary 567 (5th ed 1979).

To sustain a conviction of second degree kidnapping including sexual assault, it is necessary for the prosecution to prove beyond a reasonable doubt that the kidnapping victim was also a victim of a sexual assault. *See Beigel v. People, supra.* It necessarily follows that the elements of sexual assault are elements of the crime. *See* COLJI–Crim. 11:05 (1983). The jury here was so instructed, apparently without objection. Accordingly, for conviction of the class two felony kidnapping charge, the prosecution must establish all the elements of one of the sexual assault crimes defined in § 18–3–401, et seq., C.R.S. (1986 Repl. Vol. 8B).

It logically follows that one of the latter crimes, depending on the facts of the individual case, is necessarily a lesser included offense of the former. Consequently, conviction for both the lesser and greater offense is barred under the doctrine of merger.

Here, the pertinent sexual assault crimes were the class two felony of first degree sexual assault, § 18–3–402(3)(c), C.R.S. (1986 Repl.Vol. 8B), and the class three felony of sexual assault on a child, § 18–3–405(2)(a), C.R.S. (1986 Repl.Vol. 8B). Defendant's conviction for at least one of these crimes must merge into his conviction for second degree kidnapping including sexual assault.

The People argue that the foregoing analysis is precluded by *People v. Powell,* 716 P.2d 1096 (Colo.1986). They assert that the *Powell* court's statement that the sexual assault factor in second degree kidnapping including sexual assault is a "sentence enhancement factor" implies that sexual assault is not an element of the offense and, hence, that there can be no merger. However, we note that the *Pow-*

*ell* court also stated: "[I]t might have been better practice to include the sexual assault factor as an element of the kidnapping offense."

Furthermore, in *Powell,* the court did not address the issue of merger. It appears that the issue was not raised since Powell's sentences for kidnapping and sexual assault, in contrast to the sentences here, were concurrent and thus did not increase his period of incarceration. In the context of the statement referred to by the People, the court in *Powell* was asked only to determine the constitutionality of increasing the class four felony of kidnapping, for which an instruction was given that did not include sexual assault, to a class two felony on the basis of a separate sexual assault conviction. In *Boulies v. People, supra,* decided after *Powell,* our supreme court made clear that double jeopardy and merger are distinct doctrines. Hence, the court's double jeopardy analysis in Powell is not determinative of the circumstances in which merger applies. Therefore, *Powell* is not dispositive. *But see People v. Turner,* 730 P.2d 333 (Colo.App.1986).

### B.

■ Having determined that defendant's convictions for at least one of the sexual assault crimes merges with his conviction for second degree kidnapping including sexual assault, we must now address his contention that his conviction for both sexual assault crimes must be vacated. Because the two sexual assault crimes are not lesser included offenses of each other, and because the sexual assault elements in the kidnapping conviction are satisfied by proof of either of the sexual assault crimes, we conclude that defendant's convictions for only one of the sexual assault crimes must be vacated.

In order to prove sexual assault on a child, the prosecution needed to establish as an element that each victim was under 15 years of age. Section 18–3–405(1), C.R.S. (1986 Repl.Vol. 8B). In order to prove first degree sexual assault, on the other hand, the prosecution needed to es-

**1054**

tablish sexual penetration or sexual intrusion. Section 18-3-402(1), C.R.S. (1986 Repl.Vol. 8B). Neither of these elements is required for both offenses; thus, neither crime is a lesser included offense of the other. Accordingly, to secure defendant's conviction for each count of kidnapping involving sexual assault, the prosecution needed to prove the elements of only one of the sexual assault crimes. The conviction for the other sexual assault crime, therefore, may remain standing. *See Callis v. People*, 692 P.2d 1045 (Colo.1984).

Because the trial court did not apply the principles of merger, it did not decide, under the circumstances of this case, which of the sexual assault crimes it would choose as the lesser included offense of kidnapping including sexual assault, and which crime it would accord a separate conviction. Because both sexual assault crimes could qualify equally as lesser included offenses, the choice is within the discretion of the trial court. The trial court must make this determination and resentence the defendant on remand.

## II.

Given the foregoing disposition, we need not address defendant's remaining challenges to the sexual assault convictions alleging violations of § 18-1-408, C.R.S. (1986 Repl.Vol. 8B) and the Double Jeopardy Clauses of the United States and Colorado Constitutions.

## III.

Defendant also alleges several evidentiary errors. We find in them no basis for reversal.

### A.

■ Defendant did not deny the kidnapping or sexual assaults, but raised the affirmative defense of impaired mental condition. On cross-examination of defendant's expert witness, the prosecution elicited testimony of defendant's prior sexual activity and sexual assaults. The trial court admitted the evidence "for the purpose of showing whether such evidence [was] used as the basis of [his] opinion." Defendant does not otherwise challenge the admissibility of the testimony, but contends that its probative value was outweighed by its prejudicial effect. We disagree.

The determination of the admissibility of evidence rests within the sound discretion of the trial court, and its decision will not be reversed on appeal unless an abuse of that discretion is shown. *People v. Lowe*, 660 P.2d 1261 (Colo.1983). An expert witness may be cross-examined concerning the basis for his opinion. *People v. Alward*, 654 P.2d 327 (Colo.App.1982); CRE 705.

Here, the record indicates that the defendant told the witnesses about these prior acts and that the expert used that information to help formulate his opinion. Specifically, the witness explained during voir dire that, although he did not know whether the statement concerning prior sexual assaults was true or not, he relied on the fact that defendant had made the statements, and that to him they were "further evidence of extreme, intense sexual fantasy of a distressing and disturbing type." Moreover, the court gave a limiting instruction as to the narrow purpose for which the evidence was being admitted.

Under these circumstances, any prejudice which may have resulted from this cross-examination was not sufficiently strong to require exclusion of otherwise extremely probative evidence. *See People v. Perez*, 656 P.2d 44 (Colo.App.1982).

### B.

■ We also disagree with defendant that there was no proper foundation established for the testimony of a corrections deputy who observed defendant during his pre-trial incarceration. The record indicates that the witness testified concerning his observations of defendant's behavior, not concerning his opinion of defendant's mental condition. This testimony is specifically permitted by § 16-8-109, C.R.S. (1986 Repl.Vol. 8A). Nor do we agree with defendant that the prejudice resulting from indirectly informing the jury that defendant had been in jail outweighed the probative value of the testimony.

### C.

Because the defendant refused to cooperate, the psychiatrist appointed by the court to conduct a mental examination pursuant to §§ 16–8–103.5(4) and 16–8–106, C.R.S. (1986 Repl.Vol. 8A), stated in her written report that she could not render an opinion as to defendant's mental state. However, at trial, the expert testified regarding her impression of defendant's behavior after she had reviewed other data. Defendant argues that because of the aforementioned statement in her report, the psychiatrist was precluded from testifying as to defendant's behavior. We do not agree.

An expert witness can render an opinion concerning a person's mental condition without having interviewed that person so long as the expert's opinion is based on data reasonably relied on by experts in forming their opinion. *See People v. District Court,* 647 P.2d 1206 (Colo.1982); *People v. Beasley,* 43 Colo.App. 488, 608 P.2d 835 (1979).

Defendant does not dispute the legitimacy of the data relied upon by the witness, but argues that it was error to allow the witness to testify as to the defendant's mental condition "when the expert admit[ted] that she [was] unable to reach a qualified opinion." The record reveals that the witness reviewed the reports subsequent to the unproductive interview with the defendant. Therefore, her earlier inability to reach an opinion is irrelevant.

### IV.

Finally, one instruction given to the jury stated that lay opinion testimony "is proper evidence and should be taken into consideration by the jury." Defendant asserts that such language is tantamount to having "the trial court endorse lay testimony over expert witness testimony." We conclude that when the instructions are read as a whole, as they must be, error, if any, is harmless.

The judgment is affirmed with respect to defendant's conviction of two counts of second degree kidnapping involving sexual assault. Defendant's convictions of two counts each of first degree sexual assault and sexual assault on a child are vacated, and the cause is remanded with directions that the trial court reinstate defendant's convictions for whichever of these two crimes the trial court determines, under the facts of this case, not to be a lesser included offense of second degree kidnapping involving sexual assault. Upon reinstatement of the appropriate convictions, the trial court is directed to re-sentence defendant for those convictions and for the two counts of second degree kidnapping involving sexual assault.

SMITH and TURSI, JJ., concur.