The PEOPLE of the State of
Colorado, Petitioner,

v.

Mark Stanton HENDERSON,
Respondent.

No. 90SC173.

Supreme Court of Colorado,
En Banc.

May 6, 1991.

Rehearing Denied June 3, 1991.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for petitioner.

David F. Vela, Colorado State Public Defender, Kathleen A. Lord, Deputy State Public Defender, Denver, for the respondent.

Justice ERICKSON delivered the Opinion of the Court.

We granted certiorari to review *People v. Henderson*, 794 P.2d 1050 (Colo.App.1989), in which the court of appeals held that the crime of sexual assault merged into second-degree kidnapping involving sexual assault.[1] We now reverse the court of appeals and hold that the doctrine of merger does not bar separate convictions and sentences for sexual assault and for second-degree kidnapping involving sexual assault during the same criminal episode.

---

1. The court of appeals held:
 The judgment is affirmed with respect to defendant's conviction of two counts of second degree kidnapping involving sexual assault. Defendant's convictions of two counts each of first degree sexual assault and sexual assault on a child are vacated, and the cause is remanded with directions that the trial court reinstate defendant's convictions for whichever of these two crimes the trial court determines, under the facts of this case, not to be a lesser included offense of second degree kidnapping involving sexual assault. Upon reinstatement of the appropriate convictions, the trial court is directed to re-sentence defendant for those convictions and for the two counts of second degree kidnapping involving sexual assault.
 794 P.2d at 1055.

Early evening on August 30, 1986, defendant Mark S. Henderson gave two fourteen-year old girls, who were hitchhiking, a ride. The girls were going to a party on Transfer Trail near Glenwood Springs, Colorado. Henderson drove to the top of Transfer Trail and asked the girls if they wanted to smoke some marijuana with him. The girls declined, and walked down the trail a short distance to the party. Later that evening, the girls again accepted a ride from Henderson.

While driving down Transfer Trail with the girls in the truck, Henderson stopped to urinate. After a few minutes, Henderson jumped into the passenger side of the truck and held a knife against one girl's throat. Henderson threatened to kill the girls, and then bound both of their wrists with rope. Henderson then drove to a secluded area near the Glenwood Springs airport, and sexually assaulted one girl and then the other. As Henderson was assaulting the second girl, he stopped, said he was sorry, and told the girls he would drive them home if they would ask him to make love to them. Henderson explained that at a trial he could use that statement in his favor. The defendant threatened to kill himself, and threatened to kill the girls if they told anyone what happened.

After Henderson released them in a residential section of Glenwood Springs, the girls phoned the police, reported the assault, described Henderson, and provided the truck's license plate number. Henderson was found a short time later, by his stepfather, attempting to commit suicide. Henderson was treated at a Denver hospital and then arrested in connection with the assaults.

A jury convicted Henderson of two counts of second-degree kidnapping involving sexual assault,[2] two counts of first-degree sexual assault,[3] and two counts of sexual assault on a child.[4] The trial court imposed a sentence of twenty-four years incarceration consecutively on each of the first-degree sexual assault and second-degree kidnapping convictions, for a total of ninety-six years, and sixteen years each for the two sexual assault on a child convictions, to be served concurrently with the other sentences.

The court of appeals affirmed in part and vacated in part. Although the court rejected most of Henderson's contentions, it held that either the first-degree sexual assault or sexual assault on a child convictions merged into the convictions for second-degree kidnapping involving sexual assault. 794 P.2d at 1053–54. The court remanded the case to the district court to determine, under the circumstances, which of the sexual assault crimes was the lesser included offense of second-degree kidnapping involving sexual assault. The district court was then to resentence Henderson.

A

The term "merger," in the criminal law context, connotes a variety of meanings. At common law, the doctrine of merger dictated that when the commission of a crime involved multiple criminal acts, some misdemeanors and some felonies, the misdemeanors merged into the felonies and could not be separately prosecuted. *Lovgren v. Byrne*, 787 F.2d 857, 862 (3d Cir.1986). A felony, however, did not merge into a felony, nor a misdemeanor into a misdemeanor. 1 Wharton's Criminal Law § 24 (14th ed. 1978) [hereinafter Wharton's]. Merger's application was limited to cases in which "the *identical* criminal act constituted both a felony and a misdemeanor." *Elmore v. State*, 269 Ind. 532, 382 N.E.2d 893, 896 (1978). Because the issues relating to multiple punishments and convictions are controlled by state and federal double jeopardy clauses, the "common law merger doctrine is an inadequate vehicle for resolving modern problems posed where multiple felonies arise from a single criminal act," *id.*, and, accordingly, the merger doctrine has largely been repudiated. 1 Wharton's, *supra*, at 112.

2. § 18–3–302(3)(a), 8B C.R.S. (1986).

3. § 18–3–402, 8B C.R.S. (1986).

4. § 18–3–405, 8B C.R.S. (1986).

Other jurisdictions refer to merger as a rule of statutory interpretation "designed to prevent an unnatural elevation of the 'true' crime charged." *State v. Slemmer,* 48 Wash.App. 48, 56, 738 P.2d 281, 286–87 (1987). Used in that context, merger determines whether the legislature intended to impose multiple punishments for a single act that violated several statutory provisions. *State v. Vladovic,* 99 Wash.2d 413, 420–21, 662 P.2d 853, 857 (1983);[5] *see also Moore v. State,* 23 Md.App. 540, 548–49, 329 A.2d 48, 53 (1974) ("The true test of merger under the modern doctrine is whether one crime necessarily involves the other, *viz,* when the facts necessary to prove the lesser offense are essential ingredients in establishing the greater offense, the lesser offense is merged into the greater offense." (citations omitted)).

Finally, merger is also used in the context of double jeopardy. "Merger is an aspect of double jeopardy. Double jeopardy applies to subsequent prosecutions; merger applies to the concept of multiple punishment when multiple charges are brought in a single prosecution." *State v. Gammil,* 108 N.M. 208, 209, 769 P.2d 1299, 1300 (App.1989); *see also Robinson v. United States,* 501 A.2d 1273 (D.C.App. 1985); *State v. Allen,* 89 Or.App. 167, 169–71, 747 P.2d 384, 385–86 (1988) (distinguishing "merger" and the issue of when cumulative sentences can be imposed).[6]

In Colorado, judicial merger has consistently been analyzed under double jeopardy principles. *See People v. Roark,* 643 P.2d 756, 768 (Colo.1982); *People v. Bridges,* 199 Colo. 520, 612 P.2d 1110 (1980) (merger did not bar separate convictions for first-degree kidnapping and first-degree sexual assault, although kidnapping conviction reversed on other grounds); *Vaughn v. People,* 175 Colo. 124, 485 P.2d 878 (1971); *Johnson v. People,* 174 Colo. 413, 484 P.2d 110 (1971) (adopting the test under *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), to determine that assault with a deadly weapon and kidnapping do not merge). Merger and double jeopardy doctrines seek the same end: protecting against punishing one criminal act twice. *Boulies v. People,* 770 P.2d 1274, 1282 (Colo.1989); *People v. Hancock,* 186 Colo. 30, 34, 525 P.2d 435, 437 (1974). Analysis of whether convictions should be merged must, therefore, be based on double jeopardy principles. 1 Wharton's, *supra,* § 24; *Swafford v. State,* 498 N.E.2d 1188, 1191 (Ind.1986); *Lovgren v. Byrne,* 787 F.2d at 862. Those principles "embody three separate but related prohibitions: (1) a rule which bars a reprosecution for the same offense after acquittal; (2) a rule barring reprosecution for the same offense after conviction, and; (3) a rule barring multiple punishment for the same offense." 382 N.E.2d at 894 (citing *North Carolina v. Pearce,* 395 U.S. 711, 89

---

**5.** In *State v. Vladovic,* the Washington Supreme Court rejected the argument that robbery merged into first-degree kidnapping when robbery was used as the predicate felony to raise the kidnapping conviction from second to first degree. "An exception to the merger doctrine ... is that if the offenses committed in a particular case have independent purposes or effects, they may be punished separately." 99 Wash.2d at 421, 662 P.2d at 857. In other words, the robbery conviction could not stand "unless it involved some injury to the person or property of the victim or others, which is separate and distinct from and not merely incidental to the crime of which it forms an element." *Id.* at 421, 662 P.2d at 857.

**6.** In Colorado, there is the added dimension of statutory merger under section 18–1–408(1)(a) and (5), 8B C.R.S. (1986), which provides that a defendant may not be convicted of more than one offense if one offense is included in the other. An offense is so included if:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) It consists of an attempt or solicitation to commit the offense charged or to commit an offense otherwise included therein; or

(c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

The issue of statutory merger was not reached by the court of appeals; however, because we hold that second-degree kidnapping involving sexual assault is not a separate offense from second-degree kidnapping, statutory merger does not apply. *See People v. Nhan Dao Van,* 681 P.2d 932 (Colo.1984).

S.Ct. 2072, 23 L.Ed.2d 656 (1969)); *see Boulies*, 770 P.2d at 1278.

■ In reviewing multiple punishments for the same offense, the federal and state Double Jeopardy Clauses play a more limited role than when reviewing subsequent prosecutions. 770 P.2d at 1278. " 'Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.' " *Id.* (quoting *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977)). Hence, so long as the legislature has specifically authorized cumulative punishments in a single trial for statutory offenses proscribing the same conduct, double jeopardy does not apply. *Id.* at 1278–80; *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

When analyzing multiple punishments in a single trial, a court begins by determining whether the offenses at issue are the same or whether one is a lesser included offense of the other. If not, there is no need to analyze whether the legislature authorized multiple punishments. *Boulies*, 770 P.2d at 1279. We said in *Boulies*, when analyzing the Double Jeopardy Clause, that we have adhered to the "same offense" test set out in *Blockburger v. United States*, 284 U.S. at 304, 52 S.Ct. at 182, which provides that if each offense requires proof of a fact not required by the other offense, the offenses are sufficiently distinguishable for purposes of double jeopardy. 770 P.2d at 1278. "If, however, a person has been tried and convicted for a crime which includes proof of all the requisite elements of some other lesser offense, he cannot thereafter be tried for the lesser offense." *Id.* (citations omitted).[7]

■ *Boulies* held that aggravated robbery, when used as the predicate felony, was a lesser included offense of a felony murder conviction. *Id.* at 1280. Although we said that, in the absence of specific legislative authority, the trial court erred by imposing cumulative sentences for the two offenses, we declined to reach the question whether the defendant could be *convicted* of both offenses in the same trial under the Double Jeopardy Clauses because "the judicial rule of merger requires that the defendant's separate conviction for aggravated robbery be vacated." *Id.* at 1281. Merger, according to *Boulies*, precluded conviction for a lesser included offense of another crime for which the defendant had been convicted in the same prosecution. *Id.* at 1282. "An offense is 'lesser included' for purposes of merging into a greater offense when the proof of the essential elements of the greater offense necessarily establishes all the elements required to prove the lesser offense." *Id.* at 1282 (citing *People v. Rivera*, 186 Colo. 24, 26, 525 P.2d 431, 433 (1974)). Thus, identical analysis is employed to determine whether an offense is the same or lesser included for purposes of both double jeopardy and merger.

■ Here, the court of appeals held that proving sexual assault was a predicate to proving the "offense" of second-degree kidnapping involving sexual assault, and thus was a lesser included offense. The prosecution asserts that the court of appeals erred in holding that second-degree kidnapping involving sexual assault is a separate offense from second-degree kidnapping. The prosecution also contends that second-degree kidnapping is a single offense but is enhanced from a class 4 to class 2 felony if the kidnapped person is a sexual assault victim. We agree with the prosecution.

B

Section 18–3–302(1), as it existed in 1986, declares: "Any person who knowingly, forcibly, or otherwise seizes and carries any person from one place to another, without his consent and without lawful justification" is guilty of second-degree kidnap-

---

7. In *People v. Lowe*, 660 P.2d 1261, 1266 (Colo. 1983), we declined to apply the *Blockburger* test employed in *Bridges* in analyzing alternative methods for committing the same offense, such as felony murder.

ping.[8] Second-degree kidnapping is a class 4 felony, but becomes a class 2 felony if the person kidnapped is a victim of sexual assault or robbery. § 18–3–302(3)(a) & (b). In *People v. Cardwell*, 181 Colo. 421, 430, 510 P.2d 317, 322 (1973), we said the essential elements of second-degree kidnapping are "(1) willfulness or intent to do the act; (2) the act must be done without lawful authority; (3) there must be a seizing, confining, imprisoning, keeping, or detaining; and (4) the act must be done against the victim's will, by means of force or otherwise." All of those elements must be proven beyond a reasonable doubt in order to convict a defendant of second-degree kidnapping. *Id.*

In *People v. Powell*, 716 P.2d 1096 (Colo. 1986), we upheld the convictions of a police officer for second-degree kidnapping involving sexual assault and first-degree sexual assault with a weapon. We rejected Powell's argument that since he was convicted of sexual assault, it was impermissible under the state and federal Double Jeopardy Clauses to raise his conviction for second-degree kidnapping to a class 2 felony based on the sexual assault conviction. *Id.* at 1104–05. "[T]he defendant's sentence is *enhanced* not on the basis of an element of the same offense but rather by virtue of conviction for a separate offense." *Id.* at 1104 (emphasis added). We said in *Powell* that

> [a] *conviction* of second-degree kidnapping does not depend on the sexual assault factor. Thus it cannot be said that a defendant convicted of sexual assault and second-degree kidnapping under section 18–3–302(3) is subject to unconstitutional "double punishment" in the sense of being convicted of two substantive offenses for the same conduct. The sexual assault factor under section 18–3–302(3) is a sentence enhancement factor, and where, as here, the intent of the legislature clearly authorizes conviction of second-degree kidnapping as a class two felony on the basis of a related con-

viction for sexual assault, the kidnapping conviction must be upheld.

*Id.* at 1104.

Although Henderson, like Powell, was convicted for both second-degree kidnapping and sexual assault, the court of appeals concluded that *Powell* dealt only with double jeopardy and was thus distinguishable. *Henderson*, 794 P.2d at 1053. Because merger is analyzed under double jeopardy principles, the court of appeals erred in distinguishing the two doctrines for the purpose of determining whether one offense was the lesser included of the other. Although we were addressing a double jeopardy claim in *Powell*, we expressly stated that sexual assault was a penalty enhancement factor in second-degree kidnapping, and that "[a] *conviction* of second-degree kidnapping does not depend on the sexual assault factor." 716 P.2d at 1104. A sentence enhancement for double jeopardy purposes does not revert into a distinguishable offense when the analysis shifts to merger.

Moreover, *Powell* is not at odds with prior Colorado case law. *People v. Vigil*, 718 P.2d 496, 504–05 (Colo.1986), addressed the provisions raising first-degree sexual assault from a class 3 to class 2 felony, if the victim suffered serious bodily injury or a deadly weapon was used, as "enhancement factors." *Vigil* upheld the defendant's sentences even though the same factor, use of a deadly weapon, was used to enhance the first-degree sexual assault conviction to a class 2 felony and as the predicate to a conviction for a crime of violence under section 16–11–309, 8A C.R.S. (1986). *Id.* *Cf. Beigel v. People*, 683 P.2d 1188, 1191 (Colo.1984) (declining to decide whether section 18–3–402(2)(a), 8B C.R.S. (1978), which raised first-degree sexual assault from a class 3 to a class 2 felony if the actor was physically aided or abetted by another person, was a sentence enhancement or an element of a separate offense). Prior to *Vigil*, we rejected the argument that using the same predicate factor to enhance first-degree sexual assault to a

---

8. In 1987, section 18–3–302(1) was amended to remove "forcibly or otherwise" in response to the holding in *People v. Powell*, 716 P.2d 1096, 1101 (Colo.1986), that those words implied that "knowingly" was not a separate element of the offense.

class 2 felony and to convict for a crime of violence violated prohibitions against double jeopardy. *People v. Haymaker,* 716 P.2d 110 (Colo.1986); *see also People v. Sanders,* 717 P.2d 948 (Colo.1986) (same); *People v. Higa,* 735 P.2d 203, 206 (Colo. App.1987) ("physically aided and abetted" provision treated as an enhancement). In *People v. Turner,* 730 P.2d 333, 337 (Colo. App.1986), the court of appeals rejected the argument now asserted by Henderson.

Since *Powell,* we have upheld separate convictions and consecutive sentences for second-degree kidnapping as a class 2 felony and the underlying predicate offense. *People v. Fuller,* 791 P.2d 702, 707–08 (Colo.1990) (second-degree kidnapping involving robbery and aggravated robbery).

Finally, *Powell* concluded that "the intent of the legislature clearly authorizes conviction of second degree kidnapping as a class 2 felony on the basis of a related conviction for sexual assault." 716 P.2d at 1105. We agree with the state that *Powell* forecloses the conclusion reached by the court of appeals. Sexual assault, in our view, is not a lesser included offense of second-degree kidnapping involving sexual assault.

## II

In *State v. Foreman,* 476 So.2d 662, 663 (Fla.1985), the Florida Supreme Court held in an advisory opinion that, based on *Wicker v. State,* 462 So.2d 461 (Fla.1985),

> a defendant could be sentenced for both sexual battery and first-degree burglary ... (which is enhanced from burglary to first-degree burglary ... by reason of the commission of assault or battery in the course of the burglary) when the sexual battery is the same conduct on the basis of which the burglary charge is so enhanced.

*Wicker* held that the test for whether an offense is a lesser included offense for purposes of determining whether separate convictions may result from a single criminal event is whether "the crimes' statutory

elements reveals that each offense requires proof of at least one additional fact which the other does not." 462 So.2d at 462. After reciting the elements of sexual battery, the court said:

> Conversely, the elements of burglary, as statutorily defined, are (1) entering or remaining in a structure or a conveyance; and (2) with the intent to commit an offense therein. Such burglary is a first-degree felony if, during the course of the offense, the offender commits an assault upon any person or is armed, or arms himself within the structure with explosives or a dangerous weapon. If the offender does not commit any of the aforementioned acts in the course of the burglary but the structure is a dwelling or if a human being is in the structure during the offense, the burglary is a second-degree felony. Otherwise, burglary is a third-degree felony. Thus, it is clear from this analysis that burglary and sexual battery are separate statutory offenses for which separate judgments may be imposed.

*Id.* at 463 (citations omitted). *See also Nelson v. Thieret,* 793 F.2d 146, 149 (7th Cir.), *cert. denied,* 479 U.S. 938, 107 S.Ct. 418, 93 L.Ed.2d 369 (1986) (under Illinois law, a defendant may be convicted of both the felony that is the predicate for the aggravated kidnapping charge and the aggravated kidnapping itself).

We agree with the Florida Supreme Court. Unlike *Wicker,* the sexual assault factor here will not change the kidnapping conviction from second-degree to first-degree, but simply relates to what felony level second-degree kidnapping entails. Section 18–3–302(3)(a) does not create a separate and definable offense from section 18–3–302(1) or (2). In other words, Henderson plainly could not have been convicted and sentenced for second-degree kidnapping under section 18–3–302(1) and second-degree kidnapping involving sexual assault under section 18–3–302(3)(a). *People v. O'Neill,* 803 P.2d 164 (Colo.1990).[9]

---

**9.** We are not unmindful that *People v. O'Neill* held that a defendant could not be convicted and sentenced separately for both murder after

deliberation and felony murder since felony murder was an alternative theory underlying conviction of first-degree murder. 803 P.2d at

Under *Boulies,* merger applies only to "a crime that is the lesser included offense of another crime for which the defendant has also been convicted in the same prosecution." 770 P.2d at 1282. As in Florida, offenses in Colorado are not the same if each offense requires proof of a fact which the other does not. *Boulies,* 770 P.2d at 1278. "Summarized, this test holds there is merger of the offenses when the elements of each statute, when compared, require proof of the same facts." *People v. Hancock,* 186 Colo. at 35, 525 P.2d at 438; *see Callis v. People,* 692 P.2d 1045, 1054 (Colo.1984); *People v. Bartowsheski,* 661 P.2d 235, 245 (Colo.1983). In *People v. Hancock,* we said "if it is impossible to commit the greater offense without also having satisfied every essential element of the lesser offense, then that offense is lesser included." 186 Colo. at 35, 525 P.2d at 438. *See also People v. Rivera,* 186 Colo. at 26, 525 P.2d at 433; *Government of the Virgin Islands v. Joseph,* 685 F.2d 857, 865 (3d. Cir.1982). Under *Hancock* and its progeny, proof of sexual assault is not a requisite to a conviction for second-degree kidnapping, and thus is not a lesser included offense of second-degree kidnapping. *Powell,* 716 P.2d at 1104. It is not necessary to prove sexual assault in order to prove second-degree kidnapping, nor is it necessary to prove that the victim was seized and carried away in order to be convicted of sexual assault.

## III

We hold that sexual assault is not a lesser included offense of, and therefore not merged into, second-degree kidnapping involving sexual assault, section 18-3-302(3)(a). Accordingly, we reverse the court of appeals and remand to the court of appeals with directions to reinstate the judgment and sentence of the district court.

QUINN, J., dissents, and LOHR and KIRSHBAUM, JJ., join in the dissent.

173; *see also People v. Bartowsheski,* 661 P.2d 235, 246 (Colo.1983); *People v. Lowe,* 660 P.2d 1261, 1269 (Colo.1983). Unlike the convictions in *O'Neill,* sexual assault is not an alternative method for proving second-degree kidnapping, but is simply a factor in determining the level of

Justice QUINN dissenting.

I respectfully dissent. In rejecting the court of appeals' conclusion that the defendant's conviction for either first-degree sexual assault or sexual assault on a child merged with the defendant's conviction for second-degree kidnapping involving sexual assault, the majority adopts a cramped analysis of the merger doctrine and fails to apply that doctrine in a manner consistent with our prior precedent.

The majority proceeds from the mistaken premise that the applicability of the merger doctrine in this case must "be based on double jeopardy principles." Maj. op. at 1060. The Double Jeopardy Clauses of the United States and Colorado Constitutions protect an accused from a second prosecution for the same offense after an acquittal, from a second prosecution for the same offense after conviction, and under certain circumstances from multiple punishments for the same offense in a single trial. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *Boulies v. People,* 770 P.2d 1274, 1278 (Colo.1989). To be sure, the double jeopardy protections of the federal and state constitutions countenance cumulative punishment in a single trial for statutory offenses proscribing the same conduct as long as the legislature has specifically authorized cumulative punishment for those offenses. *Missouri v. Hunter,* 459 U.S. 359, 368-69, 103 S.Ct. 673, 679-80, 74 L.Ed.2d 535 (1983); *People v. Haymaker,* 716 P.2d 110, 115-17 (Colo.1986). The rule of merger, on the other hand, "precludes a conviction for a crime that is the lesser included offense of another for which the defendant has also been convicted in the same prosecution." *Boulies,* 770 P.2d at 1282; *see also People v. Hancock,* 186 Colo. 30, 35, 525 P.2d 435, 438 (1974); *People v. Bugarin,* 181 Colo. 62, 65-66, 507 P.2d 875, 877 (1973).

felony commensurate with committing the offense. Just as felony murder is not a separate offense from first-degree murder, however, second-degree kidnapping involving sexual assault is not separate from second-degree kidnapping.

The merger rule is a creation not only of judicial precedent but also of legislative enactment. Section 18–1–408(1)(a), 8B C.R.S. (1986), states that a defendant may not be convicted of more than one offense if the other offense is lesser included. An offense is lesser included when "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged." § 18–1–408(5)(a), 8B C.R.S. (1986). The critical question in this case is whether either the crime of first-degree sexual assault or the crime of sexual assault on a child is a lesser included offense of the crime of second-degree kidnapping involving sexual assault. In contrast to the majority, my analysis of the structure and text of the Colorado Criminal Code leads me to conclude that the crime of second-degree kidnapping involving sexual assault includes the lesser crime of either first-degree sexual assault or sexual assault on a child.[1]

## I.

Section 18–1–104(1), 8B C.R.S. (1986), defines the term "offense" and "crime" as meaning "a violation of, or conduct defined by, any state statute for which a fine or imprisonment may be imposed." Every felony "offense" so defined must fall into any one of five classes of felonies created by the Criminal Code. § 18–1–104(2), 8B C.R.S. (1986). Section 18–3–302, 8B C.R.S. (1986), creates several distinct and separate types of second-degree kidnapping. Subsections (1) and (2) of this statute provide as follows:

(1) Any person who knowingly, forcibly, or otherwise seizes and carries any person from one place to another, without his consent and without lawful justification, commits second degree kidnapping.
(2) Any person who takes, entices, or decoys away any child not his own under the age of eighteen years with intent to keep or conceal the child from his parent or guardian commits second degree kidnapping.

As defined in these subsections, second-degree kidnapping is a class 4 felony, which is punishable by a minimum of two years and a maximum sentence of eight years imprisonment. §§ 18–3–302(5) & 18–1–105(1)(a)(IV), 8B C.R.S. (1986). Section 18–3–302(3)(a) defines and punishes as a more severe form of kidnapping criminal conduct that satisfies not only the elements of second-degree kidnapping but also the additional element that the victim kidnapped "[i]s a victim of a sexual assault." The crime of second-degree kidnapping involving sexual assault is a class 2 felony punishable by a minimum of eight years and a maximum of twenty-four years imprisonment. §§ 18–3–302(3)(a) & 18–1–105(1)(a)(IV), 8B C.R.S. (1986).

"Sexual assault" as used in the second-degree kidnapping statute is a generic term that includes several types of sexual offenses. One such offense is first-degree sexual assault, which involves the knowing infliction of sexual penetration on the victim through the application of physical force or violence or causing submission of the victim by threat of imminent death, serious bodily injury, extreme pain, or kidnapping. § 18–3–402(1)(a) & (b), 8B C.R.S. (1986). First-degree sexual assault is a class 3 felony, but if the offender is armed with a deadly weapon and uses a deadly weapon to cause submission of the victim, the crime is a class 2 felony punishable by a term of imprisonment not greater than twice the maximum term in the presumptive range. §§ 18–3–402(2), (3)(c) & (4); 18–1–105(1)(a)(IV); and 18–1–105(9)(e), 8B C.R.S. (1986). Another crime included within the category of "sexual assault" is the offense of sexual assault on a child, which consists of knowingly subjecting a child less than fifteen years of age to sexual contact. § 18–3–405, 8B C.R.S. (1986). Sexual assault on a child is a class 4 felony, but is a class 3 felony when the offender commits the offense by the use of force, intimidation, or threat, and is punishable in the latter instance by a minimum of four years and a maximum of sixteen years

---

**1.** Citations to the Colorado Criminal Code are to those provisions in effect on the date of the crimes charged against the defendant, August 30, 1986.

imprisonment. §§ 18–3–405(2) & 18–1–105(1)(a)(IV), 8B C.R.S. (1986).

The crime of second-degree kidnapping involving sexual assault thus encompasses various types of sexual assault proscribed by the Colorado Criminal Code. By so defining the crime of second-degree kidnapping involving sexual assault, the General Assembly has prescribed as the allowable unit of prosecution for that offense any second-degree kidnapping accompanied by any type of sexual assault proscribed by the Criminal Code. In terms of the allowable unit of prosecution, therefore, second-degree kidnapping involving sexual assault is analytically similar to the statutory definition of felony murder, § 18–3–102(1)(b), 8B C.R.S. (1986), which authorizes as an allowable unit of prosecution for first-degree murder criminal conduct consisting of certain enumerated felonies—i.e., arson, robbery, burglary, kidnapping, sexual assault in the first or second-degree, sexual assault on a child, escape, or an attempt to commit any one of these offenses—whenever in the course or in furtherance of the underlying felony the death of a person other than a participant is caused by anyone. We held in *Boulies v. People*, 770 P.2d at 1282, that the merger rule prohibited a conviction for aggravated robbery where the defendant also had been convicted of felony murder based on his causing the death of the victim during the course of the aggravated robbery. That same analysis, in my opinion, is controlling here.

## II.

The charges filed in the instant case fall within the allowable unit of prosecution established by the Colorado Criminal Code. The defendant was charged with six substantive crimes committed against two teenage girls on August 30, 1986: two counts of second-degree kidnapping involving sexual assault in violation of section 18–3–302(3)(a), 8B C.R.S. (1986); two counts of first-degree sexual assault by causing submission of the victims by threat of imminent death, serious bodily injury, extreme pain, or kidnapping, and by the use of a deadly weapon, in violation of section 18–3–402(3) & (4), 8B C.R.S. (1986); and two counts of sexual assault on a child in violation of section 18–3–405, 8B C.R.S. (1986). In addition, two counts charged the defendant with a crime of violence involving the use or possession and threatened use of a deadly weapon during the commission of second-degree kidnapping and first-degree sexual assault, and thus subjected the defendant to a punishment not greater than twice the maximum term authorized for the crime of second-degree kidnapping involving sexual assault. § 16–11–309, 8A C.R.S. (1986).

In light of the statutory definition of second-degree kidnapping involving sexual assault, which necessarily includes both first-degree sexual assault and sexual assault on a child as types of sexual assault within the allowable unit of prosecution for the crime of second-degree kidnapping involving sexual assault, it necessarily follows that the defendant's convictions for either first-degree sexual assault or sexual assault on a child were necessarily included as essential elements of the greater inclusive offense of second-degree kidnapping involving sexual assault. The defendant's conviction for second-degree kidnapping involving sexual assault was based on proof, essential to a conviction for that crime, that he committed the crime of second-degree kidnapping against both victims and in the course thereof he either committed first-degree sexual assault against the victims or committed the crime of sexual assault on a child. Under these circumstances, the convictions for either the lesser included offense of first-degree sexual assault or the lesser included offense of sexual assault on a child merged into the conviction for the greater inclusive offense of second-degree kidnapping involving sexual assault. *See Boulies*, 770 P.2d at 1282; *People v. Rivera*, 186 Colo. 24, 26, 525 P.2d 431, 433 (1974); *Hancock*, 186 Colo. at 35, 525 P.2d at 438; *Bugarin*, 181 Colo. at 65–66, 507 P.2d at 877.

In reaching a contrary result, the majority places substantial reliance on our decision in *People v. Powell*, 716 P.2d 1096 (Colo.1986), which held that, in the context of a double jeopardy challenge, the class 4

felony of second-degree kidnapping could be constitutionally elevated to a class 2 felony of second-degree kidnapping involving sexual assault upon proof beyond a reasonable doubt of the elements of first-degree sexual assault. 716 P.2d at 1104–05. *Powell,* however, did not address whether first-degree sexual assault encompassed by the crime of second-degree kidnapping involving sexual assault was a lesser included offense for purposes of the merger doctrine. By reason of the issue raised in *Powell,* this court's analysis necessarily drew upon double jeopardy principles, relying primarily on our decision in *People v. Haymaker,* 716 P.2d at 115–17, which in turn followed the analysis of *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, and held that a court may impose cumulative punishment in a single trial for statutory offenses proscribing the same conduct as long as the legislature has specifically authorized cumulative punishment for those offenses.

*Powell* provides no support for the proposition that the legislature intended to authorize separate convictions for second-degree kidnapping involving sexual assault and first-degree sexual assault or sexual assault on a child when, as here, proof of the crime of second-degree kidnapping involving sexual assault necessarily establishes all the elements required to prove either of these sexual offenses. Such a reading of *Powell* not only is contrary to a long line of Colorado precedent precluding dual convictions for both a greater inclusive and lesser included offense, *e.g., Boulies,* 770 P.2d at 1282; *Hancock,* 186 Colo. at 35; 525 P.2d at 438; *Rivera,* 186 Colo. at 26, 525 P.2d at 433; *Bugarin,* 181 Colo. at 65–66, 507 P.2d at 877, but also is irreconcilably at odds with the express provisions of section 18-1-408(1)(a), 8B C.R.S. (1986), which precludes dual convictions for both a greater inclusive and a lesser included crime.

I acknowledge that section 18-3-402(3) & (4), 8B C.R.S. (1986), classifies first-degree sexual assault as a class 2 felony when the offender is armed with a deadly weapon and uses the weapon to cause submission of the victim, and also requires a person convicted of that crime to be sentenced in accordance with section 18-1-105(9)(e), 8B C.R.S. (1986), which sets the penalty at greater than the maximum in the presumptive range but not more than twice the maximum term authorized in the presumptive range for a class 2 felony. The maximum sentence for second-degree kidnapping involving sexual assault, in contrast, is the maximum term authorized in the presumptive range for a class 2 felony. Although the People rely on this difference in maximum penalties in arguing that first-degree sexual assault is not a lesser included offense of second-degree kidnapping involving sexual assault, what the People's argument overlooks is that the applicability of the merger rule turns on an analysis of the elements of the arguably greater inclusive and lesser included offenses and not on the maximum penalties authorized for those respective crimes. Furthermore, to the extent that a deadly weapon was involved in the commission of second-degree kidnapping involving a sexual assault, the use of such weapon would qualify as a crime of violence and as an aggravating circumstance, both of which could support a penalty of not more than twice the maximum term authorized in the presumptive range for second-degree kidnapping involving sexual assault, *see* §§ 16-11-309, 8A C.R.S. (1986); 18-1-105(9)(c), 8B C.R.S. (1986), thus rendering second-degree kidnapping involving sexual assault and also involving the use of a deadly weapon the equivalent in terms of penalty to first-degree sexual assault involving the use of a deadly weapon.

III.

The court of appeals, in my view, correctly affirmed the defendant's convictions for two counts of second-degree kidnapping involving sexual assault, vacated the defendant's convictions on two counts of first-degree sexual assault and two counts of sexual assault on a child, and remanded the case with directions to the trial court that it reinstate the defendant's convictions "for whichever of these two [lesser] crimes the trial court determines, under the facts of

this case, not to be a lesser included offense of second degree kidnapping involving sexual assault," and then that it resentence the defendant for his convictions for the two counts of second-degree kidnapping involving sexual assault and for those two other convictions not deemed to be a lesser included offense of those greater inclusive convictions for second-degree kidnapping involving sexual assault. *People v. Henderson*, 794 P.2d 1050, 1055 (Colo. App.1989). Such disposition gives as much effect to the jury's verdicts as can be done without running afoul of the merger doctrine. *See People v. Bartowsheski*, 661 P.2d 235, 247 (Colo.1983).

I would affirm the judgment of the court of the appeals.

I am authorized to say that Justice LOHR and Justice KIRSHBAUM join in this dissent.