**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Peter MARTINEZ, Defendant-Appellant.**

**No. 80CA0303.**

Colorado Court of Appeals, Div. I.

Oct. 22, 1981.

Rehearing Denied Nov. 19, 1981.

Certiorari Denied Jan. 25, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Gerard C. Boyle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Linda J. Hotes, Deputy State Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Peter Martinez, appeals the denial of his Crim.P. 35(b) (now 35(c)) motion to vacate judgment of guilty of misdemeanor theft and criminal trespass. We affirm.

According to the record, defendant entered the rear of a semi-trailer without permission and removed a carton of silk flowers. Defendant was found guilty by a jury of both first degree criminal trespass and misdemeanor theft. These convictions were appealed and affirmed in *People v. Martinez*, (Colo.App. No. 78–851, Sept. 20, 1979) (not selected for official publication).

Defendant now contends that the elements of first degree criminal trespass are included in the elements of misdemeanor theft, and that conviction of both offenses violated the double jeopardy provisions of the Colorado and United States Constitutions, and the express language of § 18–1–408(1)(a), C.R.S.1973 (1978 Repl.Vol. 8). We disagree.

Conviction of two crimes is prohibited where one offense is included in the other. *See Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974); *People v. Griffie*, Colo. App., 610 P.2d 1079 (1980). An offense is included within another if it is impossible to commit one offense without also committing the other, or if the only difference between the charges is in the degree of *mens rea* required or in the severity of the injury inflicted by the criminal conduct. Section 18–1–408(5)(a), C.R.S.1973 (1978 Repl.Vol. 8), *People v. Hancock*, 186 Colo. 30, 525 P.2d 435 (1974); *People v. Grant*, 40 Colo.App. 46, 571 P.2d 1111 (1977). A determination of whether one offense is included in another must be based on a comparison of the statutes. *Rivera, supra; People v. Sisneros*, Colo.App., 606 P.2d 1317 (1980). Applying this test, we hold that first degree criminal trespass is distinct from misdemeanor theft.

The illegal act in first degree criminal trespass is unlawfully entering or remaining in a dwelling or motor vehicle, with the intent to steal something of value. *See* § 18–4–502, C.R.S.1973 (1978 Repl.Vol. 8); *People v. Walters*, 39 Colo.App. 119, 568 P.2d 61 (1977). The illegal act in theft is actually exercising control over something of value, with the intent to deprive the other person permanently of the use and benefit of the stolen item. Section 18–4–401, C.R.S.1973 (1978 Repl.Vol. 8).

Hence, these statutes protect two distinct interests—the theft statute protects the rightful possessor from loss, while the trespass statute protects the owner of a dwelling or motor vehicle from wrongful entry—and either crime may be committed without also committing the other.

Defendant also contends that § 18–1–408(1)(e), C.R.S.1973 (1978 Repl.Vol. 8) prohibits conviction for both offenses charged because defendant was engaged in a single continuing course of conduct. We disagree.

A defendant may be convicted for multiple offenses arising out of a single transaction if the defendant has violated more than one statute. Section 18–1–408(7), C.R.S.1973 (1978 Repl.Vol. 8); *People v. Salas*, 189 Colo. 111, 538 P.2d 437 (1975). Section 18–1–408(1)(e) prohibits conviction of separate offenses only when there is one "offense . . . defined as a continuing course of conduct." As noted above, theft and criminal trespass are separate offenses, and defendant was not charged with a single offense which constituted a continuing course of conduct.

Order affirmed.

VAN CISE and KELLY, JJ., concur.