**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Richard BALL, Defendant–Appellant.**

**No. 87CA0640.**

Colorado Court of Appeals,
Div. IV.

Oct. 11, 1990.

Rehearing Denied Dec. 6, 1990.

Certiorari Denied July 29, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Russel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Jaydee K. Bachman, Samuel Santistevan, Deputy State Public Defenders, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Richard Ball, appeals from the judgment of conviction entered on jury verdicts finding him guilty of aggravated robbery, first degree burglary, second degree burglary, theft, and three counts of habitual criminal. We affirm.

In the spring of 1985, the victim was at home when a man entered his condominium, forced him at gunpoint to lie down, and proceeded to tie his hands and feet and gag him. After securing the victim, the man proceeded to search the condominium. Eventually, the man left and the victim got free and called the police.

In the fall of 1985, defendant was arrested for the spring 1985 incident and charged with one count of aggravated robbery, one count of first degree burglary, one count of second degree burglary, one count of theft, and one count of crime of violence. Three counts of habitual criminal were added later.

The main focus and issue at the substantive portion of the trial was one of identification.

## I.

Defendant first contends that he received ineffective assistance of counsel, in violation of his constitutional right to counsel, when the trial court forced an allegedly unprepared and inexperienced attorney to take his case to trial. We disagree.

The right to counsel guaranteed by the Sixth Amendment and Colo. Const. art. II, § 16, entitles the defendant in a criminal proceeding to the reasonably effective assistance of an attorney acting as his diligent and conscientious advocate. *People v. Norman*, 703 P.2d 1261 (Colo.1985); *People v. Tackett*, 742 P.2d 957 (Colo.App. 1987).

To demonstrate that counsel's assistance was so defective as to require reversal of a conviction, a defendant must show: (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *People v. Drake*, 785 P.2d 1257 (Colo.1990). A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case viewed as of the time of counsel's conduct. *Strickland v. Washington, supra.*

In this case, on the Friday before trial, defendant requested a continuance so that the attorney who represented him during pre-trial motions could represent him during trial. The trial court denied defendant's motion because it would have been the fourth such continuance. The following Monday it became apparent that the senior attorney who had been appointed to replace defendant's original attorney would be unavailable for a few days. The court ruled that the junior attorney would have to take the case to trial, even though she objected and told the court that she was unprepared to handle a case of this seriousness.

The junior attorney informed the court that her role as second chair was only to conduct replacement *voir dire*, opening statement, and the cross-examination of one minor witness. The record reflects that she had been practicing law with the public defender's office for one year and four months and had tried four misdemeanors during that time. She had also gone to trial on two felonies, but these were not completed.

The trial court found that the junior attorney was "extremely competent" and that she had "done some marvelous things" in its courtroom. The junior attorney acknowledged herself that she was qualified to handle the trial on the substantive felony charges, but felt that she was unprepared, and that the habitual criminal phase of the trial was beyond her grasp.

The jury trial was held March 10 through March 17, 1987. On March 12, 1987, after only *voir dire*, opening statement, and part of the direct examination of the first witness had been completed, the senior attorney was able to appear on defendant's behalf and participate in the remainder of the trial. Since the habitual criminal phase of the trial was held on March 17, 1987, the senior attorney was available at that time.

Defendant argues that the circumstances were such that effective representation was impossible because a relatively inexperienced public defender could not take over the first-chair role in a serious case on short notice and still perform adequately. Defendant relies on pre-*Strickland* cases that state that effective assistance of counsel encompasses a guarantee that defense counsel shall have sufficient time to prepare adequately for trial. *See People v. Meyers*, 617 P.2d 808 (Colo.1980); *People v. Moreland*, 193 Colo. 237, 567 P.2d 355 (1977).

However, applying the first prong of the *Strickland* test, we conclude that defendant has not shown any particular acts or omissions of his counsel that fell outside the range of reasonably competent assistance demanded of attorneys practicing criminal law.

Furthermore, even if we assume that the assistance was ineffective, application of the second prong of the *Strickland* test reveals that defendant has not met his burden of showing that there is a reasonable probability that, but for trial counsel's performance, the result of the proceeding would have been different. Thus, we conclude that defendant was not deprived of his right to effective assistance of counsel.

II.

We also reject defendant's argument that the trial court deprived him of his constitutional right to testify on his own behalf because it failed to advise him that, if he testified during the substantive phase of the trial, his testimony could not be used to prove the habitual criminal counts against him.

■ The right to testify is so fundamental that only the defendant may waive it, and his waiver must be voluntary, knowing, and intentional. *People v. Curtis*, 681 P.2d 504 (Colo.1984).

In order to insure that a defendant makes a constitutionally valid waiver of his right to testify, a trial court should advise the defendant, outside of the presence of the jury, that:

"he has a right to testify, that if he wants to testify then no one can prevent him from doing so, that if he testifies the prosecution will be allowed to cross-examine him, that if he has been convicted of a felony the prosecutor will be entitled to ask him about it and thereby disclose it to the jury, and that if the felony conviction is disclosed to the jury then the jury can be instructed to consider it only as it bears upon his credibility."

*People v. Curtis, supra.*

■ If a defendant testifies, and the defendant is also facing habitual criminal charges, the trial court should instruct the jury to consider any admissions of prior convictions elicited from the defendant in connection with the testimony on the substantive offense *only* as they affect his credibility. The prosecution must still meet its burden of proving beyond a reasonable doubt the defendant's prior convictions by evidence independent of the defendant's testimony. *People v. Chavez*, 621 P.2d 1362 (Colo.1981).

■ Here, defendant was given *Curtis* advisements on two separate occasions during the substantive phase of the trial. He now contends that he should have been given advisements, pursuant to *People v. Chavez*, that admissions of prior convictions elicited during the substantive phase can bear only on credibility and cannot be used as evidence during the habitual criminal phase.

However, *Chavez* does not address advisements to be given to defendants; it deals only with instructions to the jury if the defendant testifies. Further, each *Curtis* advisement given during the substantive phase stated that if defendant testified, and prior felony convictions were brought out on cross-examination, the jurors would be instructed that they could consider such convictions only as they bear on his credibility as a witness and *for no other reason*. This was an adequate procedural safeguard for eliciting a knowing, voluntary, and intentional waiver of defendant's right to testify.

Therefore, defendant received adequate advisement about his right to testify, and the trial court properly found that defendant's decision not to testify was knowing, intelligent, and voluntary.

## III.

Defendant next contends that two of his previous convictions could not have been relied on to provide the basis for sentencing under the habitual criminal statute. We disagree.

### A.

■ Defendant first argues that a 1979 Jefferson County conviction was not a "conviction" within the meaning of the habitual criminal statute, § 16–13–101, C.R.S. (1986 Repl.Vol. 8A) and, therefore, could not be used as a basis for sentencing under such statute.

Section 16–13–101(2) provides:

"Every person *convicted* in this state of any felony, who has been three times previously *convicted*, upon charges separately brought and tried, and arising out of separate and distinct criminal episodes ... of a felony ... shall be adjudged an habitual criminal and shall be punished by imprisonment in a correctional facility for the term of his or her natural life. Such former *conviction or convictions and judgment or judgments* shall be set forth in apt words in the indictment or information...." (emphasis added)

In 1979, defendant was convicted of theft and was sentenced under the habitual offender act. Subsequently, the United States District Court ruled that one of the underlying felonies relied on to establish the enhanced sentence was unconstitutional and set aside the habitual criminal sen-

tence. However, after the habitual criminal sentence was invalidated, defendant was never resentenced on the underlying 1979 theft conviction.

Defendant argues that, inasmuch as no sentence was imposed for the 1979 theft conviction, there was not a valid conviction and judgment for purposes of the statute. Accordingly, he asserts that the trial court improperly ruled that the 1979 theft case could be relied upon for purposes of imposing a habitual criminal sentence in the current case. We do not accept such a narrow view of the term "conviction."

The meaning of "conviction" may vary depending upon the statute in which it is used and the issue in the particular case. The keynote is the legislative intent behind the use of the word in the statute in question. *Walker v. District Court*, 199 Colo. 128, 606 P.2d 70 (1980).

Defendant's contention that Crim.P. 32(c), as it existed prior to 1980, should define judgment of conviction for purposes of the habitual criminal statute provides him no relief.

Crim.P. 32(c) provided in part that:
"A judgment of conviction shall consist of a recital of the plea, the verdict or findings, *the sentence* and cost, if any...." (emphasis added)

However, in *Swift v. People*, 174 Colo. 259, 488 P.2d 80 (1971), our supreme court considered this argument and determined that the General Assembly, in employing the words "conviction" and "convicted" in the Habitual Criminal Act, intended to use them in their popular sense, *i.e.*, a verdict of guilty or a plea of guilty.

Thus, punishment as an habitual criminal depends upon prior *convictions*, and the amount or validity of *sentence* under a valid conviction is immaterial. *Swift v. People, supra.*

Defendant also relies on the holding in *People v. Jacquez*, 196 Colo. 569, 588 P.2d 871 (1979), that, for purposes of the habitual criminal statute, until there has been an adjudication of guilt by the entry of a judgment, the fact of guilt has not been judicially declared and cannot effectively be used to enhance the punishment. This decision is inapposite.

The trial court here found, and we agree, that there was a valid legal conviction followed by the entry of a judgment which has, except for the sentence aspect, never been appealed. Thus, the judgment of conviction stands. Therefore, the 1979 theft conviction was a "conviction" for purposes of the habitual criminal statute.

B.

Defendant also argues that a 1978 conviction for first degree burglary could not support his habitual criminal adjudication because his guilty plea entered in that prosecution was constitutionally invalid. He attacks the constitutionality of that conviction because the court there failed to advise him of the elements of menacing before his guilty plea was obtained. Defendant did not argue that he did not understand the elements of menacing, but that without the instruction he could not have made a knowing and voluntary plea. The trial court rejected this claim ruling that a thorough advisement on menacing was not necessary. We agree with the trial court.

In an enhanced sentencing proceeding, the defendant may collaterally attack the constitutional validity of the underlying convictions. But a defendant attacking the constitutionality of a prior conviction in habitual criminal proceedings must make a prima facie showing that the prior conviction is invalid. A prima facie showing means evidence that, when considered in light most favorable to the defendant, will permit the court to conclude that the conviction failed to meet relevant constitutional standards. *Lacy v. People*, 775 P.2d 1 (Colo.1989) *cert. denied sub nom. Colorado v. Lacy*, — U.S. —, 110 S.Ct. 350, 107 L.Ed.2d 337 (1989); *People v. Montoya*, 640 P.2d 234 (Colo.App.1981).

Due process of law requires that, in order to provide the basis for a judgment of conviction, a guilty plea must be knowing and voluntary. *People v. Drake, supra; Lacy v. People, supra.* To establish this, the record, as a whole, must affirma-

tively demonstrate that the defendant understood the constitutional rights he was waiving and the critical elements of the crime to which the plea was tendered. *Lacy v. People, supra.* A plea is neither voluntary nor knowing unless the defendant is advised of the true nature of the charges against him. *People v. Drake, supra.*

■ In order to satisfy the requirement that defendant understand the critical elements of the charged offense, the court should explain those elements in terms which are understandable to the defendant. The degree of explanation that a court should provide depends on the nature and complexity of the crime. If the crime to which the plea was entered is relatively simple, reading the information to the defendant is an acceptable method of advising him of the nature of the offense charged so long as he is a person of ordinary intelligence. *People v. Drake, supra; Lacy v. People, supra.*

■ Although a defendant must make a prima facie showing that the guilty plea was unconstitutionally obtained, a mere showing of uncertainty about whether the defendant's rights were fully protected is insufficient to support the vacation of an enhanced penalty. *People v. Drake, supra; Lacy v. People, supra.*

■ Here, the record reflects that the critical elements of first degree burglary to which defendant was pleading as part of a plea agreement were stated, and that defendant, who was represented by counsel, knowingly and voluntarily pled guilty. Since it is possible to commit first degree burglary without also perpetrating felony menacing, the elements of menacing would only have required that defendant, by threat or physical action, knowingly placed or attempted to place another in fear of imminent serious bodily injury. *People v. Sisneros,* 44 Colo.App. 65, 606 P.2d 1317 (1980). *See* § 18–3–206, C.R.S. (1986 Repl. Vol. 8B). Thus, the element of menacing is not so technical as to be beyond defendant's understanding. *See People v. Trujillo,* 731 P.2d 649 (Colo.1986); *Waits v. People,* 724 P.2d 1329 (Colo.1986) (failure

to define theft in advisement on second degree burglary).

Moreover, it may be appropriate to presume that in most cases defense counsel routinely explains the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. *People v. Drake, supra.* In this case the defendant has made no showing that his counsel failed to advise him of the elements of menacing or that, in the absence of such advice, he did not understand the charge. *See People v. Drake, supra.* Further, the record reflects that defendant waived the factual basis for the plea. Thus, the fact that the court did not further explain the element of menacing does not make the plea constitutionally defective.

We therefore reject defendant's challenge to the guilty plea entered in the 1978 prosecution for burglary and conclude that this conviction could validly support his habitual criminal adjudication.

## IV.

Defendant finally contends that second degree burglary is a lesser included offense of first degree burglary and that, therefore, the trial court erred in imposing sentences for each offense. Under the circumstances at issue here, we disagree.

■ A defendant may be convicted of multiple offenses arising out of a single transaction if the defendant has violated more than one statute. *People v. Martinez,* 640 P.2d 255 (Colo.App.1981); § 18–1–408(7), C.R.S. (1986 Repl.Vol. 8B).

However, a defendant may not be convicted of more than one offense if one offense is included in the other. Section 18–1–408(1)(a), C.R.S. (1986 Repl.Vol. 8B). *People v. Bartowsheski,* 661 P.2d 235 (Colo.1983).

■ An offense is a lesser included of another if it can be established by proof of the same or less than all of the facts required to establish the commission of the greater offense. Section 18–1–408(5)(a), C.R.S. (1986 Repl.Vol. 8B); *People v. Bartowsheski, supra.* A determination wheth-

er one offense is included in another must be based on a comparison of the statutes. *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974).

Here, defendant was charged and convicted of both first degree burglary and second degree burglary even though the facts established the entry into only one condominium unit.

Section 18–4–202, C.R.S. (1986 Repl.Vol. 8B), the first degree burglary statute, provides in part that:

> "A person commits first degree burglary if he knowingly enters or remains unlawfully in a *building or occupied structure* with intent to commit therein a crime ... against a person or property, and in effecting entry or while in the building or occupied structure or in immediate flight therefrom, he or another participant in the crime assaults or menaces any person, or he or another participant is armed with explosives or a deadly weapon." (emphasis added)

First degree burglary is a class 3 felony. Section 18–4–202(2), C.R.S. (1986 Repl.Vol. 8B).

A person commits second degree burglary, a class 4 felony:

> "if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property."

Section 18–4–203(1), C.R.S. (1986 Repl.Vol. 8B). However, second degree burglary is a class 3 felony if it is a "burglary of a dwelling." Section 18–4–203(2)(a), C.R.S. (1986 Repl.Vol. 8B).

In this case, the jury was instructed both as to first degree burglary and as to class 3 felony second degree burglary, burglary of a dwelling.

Because conviction for the class 3 felony second degree burglary of a dwelling requires proof of an additional fact beyond that required for proof of first degree burglary, *i.e.,* proof that the burglary was of a dwelling, defendant was properly convicted of and sentenced for both first and second degree burglary. We note as well that

defendant received concurrent sentences for these offenses. *See* § 18–1–408(3), C.R.S. (1986 Repl.Vol. 8B).

Judgment affirmed.

METZGER and JONES, JJ., concur.