The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Anthony HUGGINS, Defendant–Appellant.

No. 89CA0975.

Colorado Court of Appeals, Div. III.

July 18, 1991.

Rehearing Denied Aug. 22, 1991.

Certiorari Denied March 10, 1992.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Roger G. Billotte, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Samuel Santistevan, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge ENOCH [*].

Defendant, Anthony Huggins, appeals the judgment of conviction entered on a jury verdict finding him guilty of aggravated robbery, second degree kidnapping involving a victim of a robbery, first degree sexual assault, and commission of violent crimes. We affirm.

In August 1988, Huggins knocked on the second story office door of a restaurant and requested the telephone number of a restaurant employee. When the victim opened the door to hand him the information, he pointed a gun at her and entered the office. After seizing money, defendant forced the victim into a small enclosed bathroom located approximately ten steps from the office. There, he bound her with a rope and sexually assaulted her.

### I.

Defendant contends that the conviction for second degree kidnapping should be vacated because of insufficient evidence of

[*] Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.* art. VI, § 5(3), and

§ 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

asportation and a faulty jury instruction. We disagree.

### A.

■ The element of asportation is satisfied by showing even an insubstantial movement if it results in a substantially increased risk of harm to the victim. *People v. Fuller,* 791 P.2d 702 (Colo.1990); *Apodaca v. People,* 712 P.2d 467 (Colo.1985). Here the evidence sufficiently establishes that the victim's movement resulted in a substantially increased risk of harm.

■ The upstairs office where the victim initially encountered defendant offered at least two means of escape and was easily accessible to restaurant employees. On the other hand, the enclosed bathroom was secluded, did not have a telephone, and offered only a small second story window as a source of escape. Consequently, defendant was able to confine, bind, gag, and assault the victim in a private space which afforded him diminished exposure to others yet resulted in a significantly increased risk of harm to the victim.

These circumstances are distinguishable from those present in *People v. Bell,* 809 P.2d 1026 (Colo.App.1990) and *People v. Bridges,* 199 Colo. 520, 612 P.2d 1110 (1980). In *Bell,* movement down a hall to a bedroom resulted in less risk of harm to the victim and a greater opportunity for escape, while the victim's movement in *Bridges* occurred within an equally exposed and well-lighted area which did not increase the risk of harm.

Therefore, the evidence of asportation in this case, when viewed in the light most favorable to the prosecution, supports defendant's conviction of second degree kidnapping. *See People v. Fuller, supra; People v. Schoondermark,* 699 P.2d 411 (Colo.1985).

### B.

Defendant, nevertheless, contends that the pertinent jury instruction was insufficient because it failed to state that insubstantial movement must result in a sub-

stantially increased risk of harm to the victim to satisfy the asportation element. We reject this contention.

■ Here, the jury was given an elemental instruction which tracked the language of the second degree kidnapping statute. Because counsel did not object thereto, any alleged insufficiency in the instruction must be judged upon a plain error standard. *People v. Romero,* 689 P.2d 692 (Colo.App.1987).

Under these circumstances, we must determine whether, under the facts of this case, there is a reasonable possibility that the alleged error contributed to the defendant's conviction. *People v. Dillon,* 655 P.2d 841 (Colo.1982). We conclude that it did not.

■ Defendant relied solely upon the defense of misidentification. Thus, there is no reasonable possibility that the general asportation instruction improperly contributed to his conviction and resulted in plain error. *People v. Romero, supra; see People v. Dillon, supra.*

### II.

Defendant next contends that his conviction for aggravated robbery must be vacated because of its merger into the second degree kidnapping conviction. *People v. Henderson,* 810 P.2d 1058 (Colo.1991) is dispositive to the contrary of this contention.

Second degree kidnapping is a class 4 felony which becomes a class 2 felony if the person kidnapped is a victim of sexual assault *or* robbery. Section 18–3–302(3)(a) & (b), C.R.S. (1986 Repl.Vol. 8B).

Sexual assault is a penalty enhancement factor in second degree kidnapping because conviction of second degree kidnapping does not depend on the sexual assault factor. *People v. Powell,* 716 P.2d 1096 (Colo.1986). This rationale compels the conclusion that robbery is a penalty enhancement factor in second degree kidnapping involving robbery.

*Henderson, supra,* holds that the penalty enhancement factor of sexual assault is

not a distinguishable offense for purposes of merger or double jeopardy analyses. Therefore, sexual assault does not constitute a lesser included offense of second degree kidnapping involving sexual assault.

■ By extension, we conclude that the penalty enhancement factor of robbery is not a distinguishable lesser included offense which merges into second degree kidnapping involving robbery. *See People v. Henderson, supra; People v. Fuller, supra* (separate convictions and consecutive sentences for second degree kidnapping involving robbery, as a class 2 felony, and the underlying predicate offense of aggravated robbery, upheld and did not merge).

Accordingly, because defendant's conviction of aggravated robbery is not a lesser included offense of second degree kidnapping involving the victim of that robbery, the doctrine of merger is not applicable. Under these circumstances, the trial court properly refused to vacate defendant's conviction for aggravated robbery.

### III.

Defendant next contends that certain of the prosecutor's closing remarks were improper and constitute reversible error. While we agree that improper remarks were made, our review of the record establishes that the remarks constitute a small and insignificant part of the prosecution's closing argument. *See People v. DeHerrera,* 697 P.2d 734 (Colo.1985). Moreover, their prejudicial effect was countered by curative jury instructions. Under these circumstances, we conclude that the remarks do not amount to reversible error. *See People v. Moody,* 676 P.2d 691 (Colo.1984); *People v. Carrier,* 791 P.2d 1204 (Colo.App. 1990).

### IV.

Defendant finally contends that the trial court abused its discretion by emphasizing the gravity of his crimes to the exclusion of all other factors during sentencing. Again, we disagree.

■ While sentencing lies within the sound discretion of the trial court, we are obligated to review the nature of the offense, the character of defendant, and public interest consideration to determine whether the sentence imposed strikes an appropriate balance between the needs of defendant and society. *Rocha v. People,* 713 P.2d 350 (Colo.1986). Absent a clear abuse of discretion, we will not reverse the trial court's sentencing decision. *People v. Lowery,* 642 P.2d 515 (Colo.1982).

■ Here, the record establishes that the trial court considered all mitigating circumstances when reaching its decision, including defendant's personal misfortune associated with the death of his daughter and the absence of a prior criminal record. However, in light of the violent nature of the crimes and defendant's cavalier attitude regarding his actions, we cannot conclude that the imposed sentences, though harsh, are manifestly arbitrary, unreasonable, or unfair. *See Rocha v. People, supra.*

Therefore, the judgment and sentence are affirmed.

REED and MARQUEZ, JJ., concur.