John Cecil ARMINTROUT, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 92SC697.

Supreme Court of Colorado,
En Banc.

Dec. 13, 1993.

Rehearing Denied Jan. 10, 1994.

David F. Vela, State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Deborah Isenberg Pratt, Asst. Atty. Gen., Crim. Enforcement Section, Denver, for respondent.

Justice MULLARKEY delivered the Opinion of the Court.

We granted certiorari to review *People v. Armintrout*, No. 90CA1861 (Colo.App. Aug. 20, 1992) (not selected for official publication), in which the court of appeals held that the petitioner, John Cecil Armintrout, was properly convicted of both

first degree burglary and second degree burglary based on the same entry. We now reverse and hold that Armintrout's conviction of second degree burglary was merged into the greater inclusive offense of first degree burglary, precluding the imposition of concurrent sentences for both offenses.

## I

In the early morning of December 19, 1989, Armintrout, armed with a handgun, entered the home of his estranged wife. At the time, his wife was seeking a divorce. She had obtained restraining orders prohibiting Armintrout from contacting her and from being at the family home pending the issuance of permanent orders.

Armintrout's wife testified that he remained in her bedroom on the morning in question, asking her questions. She further testified that Armintrout stated that he had broken into the house, intending to kill her and their children, but that he had changed his mind when he saw his youngest son asleep. Armintrout left the house four hours later. As a result of his actions, Armintrout was charged with one count of first degree burglary,[1] one count of second degree burglary,[2] one count of menacing[3] and two counts of crime of violence.[4]

A jury convicted Armintrout of first degree burglary and second degree burglary, but acquitted him of the charges of menacing and crime of violence. The trial court sentenced him to fourteen years in the Department of Corrections on each of the

1. § 18–4–202, 8B C.R.S. (1986).

2. § 18–4–203, 8B C.R.S. (1986).

3. § 18–3–206, 8B C.R.S. (1986).

4. § 16–11–309, 8A C.R.S. (1986 & 1993 Supp.).

5. The sentencing hearing was combined with a separate case, No. 89CR208, in which Armintrout was convicted of attempted second degree murder of his family, attempted first degree arson, attempted fourth degree arson, and reckless endangerment. The sentences imposed in the present case were to run concurrently with those imposed in Case No. 89CR208. The court

two burglary convictions, the sentences to be served concurrently.[5]

The court of appeals affirmed Armintrout's convictions. Relying on *People v. Ball*, 813 P.2d 759 (Colo.App.1990), *cert. denied* (July 29, 1991), the court of appeals held that the trial court did not err in entering convictions for both first and second degree burglary. According to the court of appeals, second degree burglary is not a lesser included offense of first degree burglary because conviction for the class 3 felony of second degree burglary of a dwelling requires proof that the burglary was of a "dwelling," whereas conviction of first degree burglary does not. Slip op. at 3. Since we conclude that burglary of a "dwelling" is not an essential element of second degree burglary, we reverse this case and overrule *Ball.*

## II

A defendant may be convicted of multiple offenses arising out of a single transaction if the defendant has violated more than one statute. § 18–1–408(7), 8B C.R.S. (1986); *People v. Salas*, 189 Colo. 111, 116, 538 P.2d 437, 441 (1975); *People v. Martinez*, 640 P.2d 255, 256 (Colo.App. 1981). In this situation, the sentences imposed must run concurrently. § 18–1–408(3), 8B C.R.S. (1986). However, in the absence of legislative authorization, a defendant may not be convicted of more than one offense if one offense is a lesser included offense of the other. A court is prohibited from imposing multiple punishments for a greater and lesser included offense by the Double Jeopardy Clauses of the federal and state constitutions,[6] *see*

of appeals affirmed Armintrout's conviction of the charges involved in Case No. 89CR208 in *People v. Armintrout*, No. 90CA1830 (Colo.App. May 20, 1993) (not selected for official publication), *cert. denied* (Nov. 29, 1993).

6. The Double Jeopardy Clauses of the United States and Colorado Constitutions protect a defendant from being placed in jeopardy twice for the same crime. U.S. Const. amend. V; Colo. Const. art. II, sec. 18. As we explained in *Boulies v. People*, 770 P.2d 1274 (Colo.1989), the constitutional guarantee against double jeopardy serves several purposes: "it protects against a second prosecution for the same offense after

*Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Boulies v. People,* 770 P.2d 1274, 1278 (Colo.1989), by statute, § 18–1–408(1)(a), 8B C.R.S. (1986), and by the judicially-created rule of merger. *E.g., People v. Bartowsheski,* 661 P.2d 235, 245 (Colo. 1983).

Section 18–1–408(5)(a), 8B C.R.S. (1986), defines a lesser included offense as one "established by proof of the same or less than all the facts required to establish the commission of the offense charged." Similarly, our case law pertaining to the judicially-created rule of merger treats an offense as lesser included when proof of the essential elements of the greater offense necessarily establishes the elements required to prove the lesser offense. *E.g., People v. Henderson,* 810 P.2d 1058, 1061 (Colo.1991); *Boulies,* 770 P.2d at 1282; *Bartowsheski,* 661 P.2d at 245. *Accord Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182 (Two offenses are not the same offense for double jeopardy purposes if each statute requires proof of a fact which the other does not.).

■ In order to determine whether one offense is included in another, we compare the elements of the statutes involved and not the evidence shown at trial. *People v. Raymer,* 662 P.2d 1066, 1069 (Colo.1983); *People v. Rivera,* 186 Colo. 24, 27, 525 P.2d 431, 433 (1974); *Martinez,* 640 P.2d at 256. Therefore, we must begin our analysis by examining the statutes involved in this case.

### A

Section 18–4–202(1), 8B C.R.S. (1986) provides that a person commits first degree burglary if he:

knowingly enters or remains unlawfully in a building or occupied structure with intent to commit therein a crime, ... against a person or property, and if in effecting entry or while in the building or occupied structure or in immediate flight therefrom, he or another partici-

pant in the crime assaults or menaces any person, or he or another participant is armed with explosives or a deadly weapon.

First degree burglary is a class 3 felony. § 18–4–202(2).

Under the second degree burglary statute, a person commits second degree burglary if he "knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property." § 18–4–203(1). Second degree burglary is normally a class 4 felony. § 18–4–203(2). However, if the burglary is of a "dwelling," the crime is elevated to a class 3 felony. § 18–4–203(2)(a).

A comparison of these statutes demonstrates that both first and second degree burglary require the unlawful entry into a "building or occupied structure." §§ 18–4–202(1), –203(1). The only difference between the two crimes is that first degree burglary requires proof of an additional element: either the assault or menacing of any person, or being armed with explosives or a deadly weapon. § 18–4–202(1).

Despite these similarities between the two statutes, the court of appeals held that second degree burglary is not a lesser included offense of first degree burglary. The court of appeals reasoned that a conviction of class 3 felony second degree burglary of a dwelling requires proof that the building or occupied structure entered was a "dwelling," and that proof of this fact is not required by the first degree burglary statute. Slip op. at 3 (citing *Ball,* 813 P.2d at 766).

■ We believe that the court of appeals erred in both this case and in *Ball* by treating class 4 and class 3 felony second degree burglary as separate statutory offenses. In our view, burglary of a "dwelling" is a sentence enhancement provision defining the level of punishment for a particular type of second degree burglary. It is not an element of a distinguishable offense for purposes of determining whether

an acquittal; it protects against a second prosecution for the same offense after conviction;

and it protects against multiple punishments for the same offense." *Id.* at 1278.

second degree burglary is a lesser included offense of first degree burglary.

In the past, we have considered statutory provisions raising the level of a particular offense from one class of felony to another. In these cases, we have treated the provisions as sentence enhancers, as opposed to elements of the offense charged. *See, e.g., Henderson,* 810 P.2d at 1062 (defining sexual assault as a penalty enhancement factor in second degree kidnapping); *People v. Powell,* 716 P.2d 1096, 1105 (Colo. 1986) (same); *People v. Vigil,* 718 P.2d 496, 504–05 (Colo.1986) (addressing the provisions raising first degree sexual assault from a class 3 to a class 2 felony if the victim suffered serious bodily injury or a deadly weapon was used as "enhancement factors"). *See also People v. Huggins,* 825 P.2d 1024, 1027 (Colo.App.1991), *cert. denied* (March 10, 1992) (holding that robbery is a "penalty enhancement factor" in second degree kidnapping and not a lesser included offense of second degree kidnapping involving robbery); *People v. Turner,* 730 P.2d 333, 337 (Colo.App.1986) (relying on *Powell* to hold that sexual assault is not an element of second degree kidnapping).

A sentence enhancer is similar to an essential element of an offense in that a defendant may not be sentenced at the higher felony level unless the factor enhancing the sentence is proved beyond a reasonable doubt. *Powell,* 716 P.2d at 1103; *Beigel v. People,* 683 P.2d 1188, 1191 (Colo.1984). Thus, Armintrout could not have been convicted of class 3 felony second degree burglary unless the jury found, beyond a reasonable doubt, that the burglary was of a "dwelling."

However, a sentence enhancement provision is not an element of the offense charged. A defendant still may be convicted of the underlying offense without any proof of the sentence enhancer, and this would not be possible if we were dealing with an essential element of the offense. *See Henderson,* 810 P.2d at 1064; *Powell,* 716 P.2d at 1105. Moreover, both *Powell* and *Henderson* demonstrate that we do not consider sentence enhancement provisions when determining whether one offense is the lesser included of another.

In *Powell,* we were asked to consider whether the Double Jeopardy Clauses of the state and federal constitutions precluded convicting the defendant of both first degree sexual assault with a weapon and second degree kidnapping involving sexual assault. Like the second degree burglary statute at issue in this case, the second degree kidnapping statute in *Powell* enhanced the penalty imposed from a class 4 felony to a class 2 felony if the person kidnapped was a victim of sexual assault or robbery. § 18–3–302(3)(a) & (b). Although proof of the charge of class 2 felony kidnapping involving sexual assault necessarily established all of the elements of sexual assault, we held that the defendant properly could be convicted of both offenses since "[a] *conviction* of second-degree kidnapping does not depend on the sexual assault factor." *Powell,* 716 P.2d at 1105. In other words, we disregarded the "sexual assault" component of the second degree kidnapping statute when comparing the elements of the offenses.

Similarly, in *Henderson,* we examined whether sexual assault is a lesser included offense of second degree kidnapping involving sexual assault for purposes of the rule of merger. We upheld the defendant's convictions of both offenses after comparing the elements of the statutes involved, finding that "[i]t is not necessary to prove sexual assault in order to prove second-degree kidnapping, nor is it necessary to prove that the victim was seized and carried away in order to be convicted of sexual assault." *Henderson,* 810 P.2d at 1065. As in *Powell,* we treated the sexual assault provision contained in the second degree kidnapping statute as a "penalty enhancement factor," *id.* at 1062, and did not consider it when examining the essential elements of the two offenses.

The People maintain that *Henderson* is not dispositive because the phrase "sexual assault" in the second degree kidnapping statute incorporates an independent crime for which the defendant was also convicted, whereas the phrase

"dwelling" in the second degree burglary statute does not. In our view, this argument elevates form over substance. As in *Henderson,* proof that the burglary was of a "dwelling" is not required to sustain a conviction of second degree burglary. It is only necessary to prove that the defendant unlawfully entered a "building or occupied structure." Therefore, burglary of a "dwelling" is not an essential element of second degree burglary, any more than "sexual assault" was an essential element of second degree kidnapping in *Henderson* and *Powell.*[7]

When we apply the analysis set forth in both *Powell* and *Henderson* to the statutes involved in this case, it is clear that proof of the elements of first degree burglary will necessarily establish all of the essential elements of second degree burglary. In order to convict a defendant of second degree burglary, the prosecutor need only prove that the defendant (1) knowingly; (2) unlawfully broke an entrance into, entered or remained in a building or occupied structure; (3) with the intent to commit therein a crime. § 18–4–203(1); CJI–Crim. 14:03. These same elements must be proven in order to establish first degree burglary. *See* § 18–4–202(1); CJI–Crim. 14:01. Accordingly, we hold that second degree burglary is a lesser included offense of first degree burglary.

### B

The People also contend that second degree burglary is not a lesser included offense of first degree burglary because the second degree burglary statute requires additional proof that the defendant "broke an entrance into" the building or occupied structure, and this element is not contained in the first degree burglary statute. We believe that this argument is premised on an erroneous interpretation of the second degree burglary statute.

Our primary task in construing a statute is to ascertain and to give effect to the intent of the General Assembly. *People v. Guenther,* 740 P.2d 971, 975 (Colo.1987). To discern that intent, we look first to the language of the statute with a view toward giving words and phrases their plain and ordinary meaning. *People v. Schuett,* 833 P.2d 44, 47 (Colo.1992); *People v. District Court,* 713 P.2d 918, 921 (Colo.1986).

In addition, courts will sometimes construe "or" to mean "and" in order to carry out the plain meaning or intent of the legislature. *Denver–Chicago Trucking Co. v. Republic Drug Co.,* 134 Colo. 461, 465, 306 P.2d 1076, 1078 (1957); *Gamble v. Levitz Furniture Co.,* 759 P.2d 761, 764 (Colo.App.1988), *cert. denied,* 782 P.2d 1197 (Colo.1989). However, when the word "or" is used in a statute, it is presumed to be used in the disjunctive sense, unless legislative intent is clearly to the contrary. *Knutzen v. Eben Ezer Lutheran Housing*

---

7. Alternatively, Armintrout argues that his conviction of second degree burglary should be vacated as a lesser included offense, even if burglary of a "dwelling" is an essential element of second degree burglary. According to Armintrout, the term "dwelling" does not require proof of a fact not contained in the first degree burglary statute. By statute, the term "dwelling" is included in the definition of a "building." "Dwelling" is defined in section 18–1–901(3)(g) to mean "a *building* which is used, intended to be used, or usually used by a person for habitation." (Emphasis added). Section 18–4–101(1) further defines "building" as follows:

> "Building" means a structure which has the capacity to contain, and is *designed for the shelter of, man,* animals, or property, *and includes a* ship, trailer, sleeping car, airplane, or other vehicle or *place adapted for overnight accommodations of persons* or animals, or for

carrying on of business therein, whether or not a person or animal is actually present. (Emphasis added). *See also Sanchez v. People,* 142 Colo. 58, 60, 349 P.2d 561, 562 (1960) (stating that all stationary structures within Colorado are within the term "building," so long as they are designed for use in the position in which they are fixed).

In this case, the charge of first degree burglary required proof that Armintrout unlawfully entered the home of his estranged wife. A conviction of this charge, therefore, necessitated proof of the very same elements essential to the charge of second degree burglary of a dwelling. *See Boulies,* 770 P.2d at 1282; *Bartowsheski,* 661 P.2d at 245. Since we hold that proof of a "dwelling" is not an essential element of second degree burglary, it is not necessary for us to address the merits of this argument.

*Center,* 815 F.2d 1343, 1349 (10th Cir.1987); *United States v. O'Driscoll,* 761 F.2d 589, 597 (10th Cir.1985), *cert. denied,* 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986); *People v. McCoy,* 821 P.2d 873, 875 (Colo. App.), *cert. denied* (Dec. 23, 1991).

Under the second degree burglary statute, a person commits second degree burglary if he knowingly (1) breaks an entrance into, *or* (2) enters, *or* (3) remains unlawfully in a building or occupied structure. § 18–4–203(1). When we construe the word "or" in the disjunctive to refer to alternative ways of committing the same crime, it is apparent that proof of a breaking is not essential. As in the case of first degree burglary, a defendant may be convicted of second degree burglary simply by entering or remaining unlawfully in the building or occupied structure.[8] Therefore, second degree burglary is a lesser included offense of first degree burglary, even though one may commit the crime of second degree burglary in additional ways.

## III

We hold that second degree burglary of a dwelling is a lesser included offense of, and therefore merged into, first degree burglary. Accordingly, the judgment of the court of appeals is reversed, and the case is remanded to that court with directions to return the case to the trial court for the entry of an order vacating Armintrout's conviction and sentence for second degree burglary.

---

**8.** In fact, during closing argument the prosecutor informed the jury that he need not prove that Armintrout broke an entrance into the house in order to prove the crime of second degree burglary. He stated, "if you enter unlawfully into and remain—or remain in a dwelling, that is a burglary."