The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Roy Hayes JOHNSON III, Defendant–Appellant.

No. 88CA0560.

Colorado Court of Appeals, Div. V.

March 29, 1990.

As Modified on Denial of Rehearing May 3, 1990.

Certiorari Cross-Petition Granted Jan. 14, 1991.

Certiorari Denied Jan. 14, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

**1106**

Forman, Sol. Gen., and Deborah Isenberg Pratt, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge JONES.

Defendant, Roy Hayes Johnson III, appeals a judgment of conviction entered upon jury verdicts finding him guilty of first degree sexual assault and second degree kidnapping as a class 2 felony. We affirm the judgment of conviction of second degree kidnapping, vacate the sexual assault conviction, and remand for resentencing.

In November 1986, defendant, accompanied by another man, induced the victim, whom he had known for many years, to enter the car he was driving. Thereafter, against the wishes of the victim, defendant drove to various places. Both the defendant and the other man sexually assaulted the victim. Ultimately, the victim managed to escape when defendant stopped at a motel, and the two attackers were arrested soon thereafter.

Defendant was charged with and convicted of first degree sexual assault and second degree kidnapping. He was sentenced to consecutive terms of 40 years for the sexual assault and 20 years for the kidnapping.

## I.

Defendant first contends that the trial court erred in denying his motions for mistrial. We disagree.

Unless it abuses its discretion, a trial court's determination with respect to a motion for a mistrial will not be disturbed on review. *See People v. Goldsberry,* 181 Colo. 406, 509 P.2d 801 (1973). A mistrial is warranted only if prejudice to the accused is too substantial to be remedied by other means. *People v. Collins,* 730 P.2d 293 (Colo.1986).

## A.

Defendant urges that the trial court erred in not granting his motion for mistrial based upon a juror's review, during the jury's deliberations, of the criminal statutes relating to controlled substances. Moreover, because the hearing on the alleged juror misconduct was held *in camera,* and outside the presence of counsel and the defendants, defendant claims that he was denied his right to counsel during that proceeding. We conclude that any error in denying the motion was harmless.

Here, prior to the return of the guilty verdicts against defendant, counsel for the other defendant advised the court that a book of criminal statutes had been found open in a room the jury had previously been using. The court responded by indicating its preference for making an inquiry and by doing so outside the presence of either counsel or the defendants. The trial court did not question defendant as to whether he wished to waive his presence and that of his counsel, and it made no record as to whether defendant's waiver, if any, was voluntary, knowing, and intentional. Although defendant's counsel failed to object to the court's announced approach to the jury inquiry, neither did he voice agreement.

The court conducted a closed hearing with all twelve jury members present. During the hearing, one of the jurors indicated that he had looked at the criminal statutes regarding drugs and pharmacies. He explained that he had looked at the particular section to which the pages were turned when the book was found because he was a chemist and was interested in what drugs were controlled by the state. The juror's explanation was corroborated by two other jurors. When specifically asked by the court whether the section on drugs and druggists was the only section he read, the juror responded, "Right."

As a result of the jurors' statements, the court denied the motion for mistrial based on the following findings:

"[T]here's no evidence before the Court to indicate that any of the materials that either were read most specifically or that

could have been read were such that would taint the jury, they would have any relevance to the issues of this case or have any influence or assist the jury in making its decision. The record is clear that nothing other than that one section which is totally irrelevant to this case was read...."

■ The right to counsel exists at every critical stage of a criminal proceeding, *People v. Roybal*, 618 P.2d 1121 (Colo.1980), and counsel alone cannot waive such right. *Penney v. People*, 146 Colo. 95, 360 P.2d 671 (1961).

Courts will indulge every reasonable presumption against waiver of this fundamental constitutional right, and will not presume acquiescence in the loss of it. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *People v. Arguello*, 772 P.2d 87 (Colo.1989). In this regard, the trial court's determination whether an accused has waived his right to counsel must appear on the record, *Johnson v. Zerbst*, *supra; see* ABA, *Standards for Criminal Justice*, Standard 5–7.3 (2d ed. 1980), for it is impermissible to presume waiver of a right to counsel from a silent record. *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); ABA, *Standards for Criminal Justice*, Standard 5–7.2 (2d ed. 1980).

■ In other contexts, the jury deliberation and return of verdict stages of trial have been held to constitute critical stages for purposes of the Sixth Amendment. *See Siverson v. O'Leary*, 764 F.2d 1208 (7th Cir.1985); *People v. Rubalcava*, 220 Cal. App.3d 295, 246 Cal.Rptr. 75 (1988). *Cf. Leonardo v. People*, 728 P.2d 1252 (Colo. 1986) (fn. 5). We also agree that they are critical stages under the Sixth Amendment, and now hold that such is also true under Colo. Const. art. II, § 16. Therefore, the right to counsel, with all its facets, was operative here when the issue of juror misconduct arose.

■ The procedure followed by the trial court did not protect this right. Nor did the court provide a record to indicate that defendant voluntarily and knowingly waived his and his counsel's right to be present during the jury interview. Accordingly, defendant was improperly deprived of his right to counsel. However, denial of the right to counsel may be harmless unless there is a reasonable possibility that the defendant could have been prejudiced. *See People v. Rodgers*, 756 P.2d 980 (Colo. 1988). The question thus becomes whether that deprivation was harmless beyond a reasonable doubt.

Here, the evidence of defendant's guilt as to the two charges on which he was convicted is overwhelming. The victim testified that she had been acquainted with defendant for approximately 16 years at the time of the crime and that she was certain that he was the perpetrator; uncontroverted medical testimony was presented to the effect that defendant's bodily fluids matched those found on the victim's clothes and in her vagina; and, in her testimony, the manager of the motel where the victim escaped positively identified defendant as the man who tried to keep the victim from entering the motel office and then left hurriedly when the victim asked the manager to call the police.

Under these circumstances, we conclude that, while the court did act improperly in failing to take affirmative steps to assure on the record that defendant's desire to exercise his right to counsel was known, or that his waiver of that right was voluntary, knowing, and intentional, such error was harmless beyond a reasonable doubt because the presence of counsel at the in camera proceeding could not have changed the result of that proceeding or of the trial. *See People v. Rodgers*, *supra*. Likewise, in light of the innocuous activities of the juror, the trial court properly denied the motion for mistrial.

### B.

■ Defendant next asserts that the court erred in denying his motion for mistrial based upon the introduction of evidence of a prior crime or bad act. We perceive no error.

During the trial, one of the arresting officers testified that he found "a large

bag of what [he] thought to be marijuana" under the seat of defendant's car. In response to this testimony, defense counsel for both defendants objected and moved for mistrial.

After hearing arguments and noting that the prosecution had indicated prior to trial that it would not present any evidence pertaining to drugs, the court gave defense counsel the option of either having the court instruct the jury to disregard the statement or of ignoring the issue altogether to avoid emphasizing the presence of the marijuana. While maintaining their objections and motions for mistrial, both defense counsel opted to let the court decide which course of conduct was more appropriate. The court chose to give an instruction that the jury should disregard the question and answer.

In light of the overwhelming evidence of guilt and the strong presumption that the jury followed the trial court's instructions, *People v. Moody*, 676 P.2d 691 (Colo.1984), we conclude that denial of the motion for mistrial relative to this isolated reference to marijuana was not reversible error. *See People v. Goldsberry, supra.*

## II.

Defendant next contends that the trial court erred in denying his motion for sanctions, including dismissal, based upon § 17–2–103(9)(a), C.R.S. (1986 Repl.Vol. 8B). We disagree.

The co-defendant was the subject of a parole revocation hearing based upon the allegations arising from the same incident charged in the instant case. Both the victim and defendant testified at that hearing. Later, during a hearing on motions relating to the instant case, the co-defendant testified that the victim's parole revocation hearing testimony was inconsistent with that given by her at his and defendant's preliminary hearing.

In preparing for his trial, defendant requested a transcript of the revocation hearing. It was then discovered that the tape recording of the revocation hearing, from which the transcript was to be made, was completely inaudible.

Defendant filed a motion to dismiss for destruction of exculpatory evidence, and the trial court responded by concluding that § 17–2–103(9)(a) precludes the use of the revocation hearing testimony for any purpose including impeachment.

Section 17–2–103(9)(a) provides, in pertinent part:

"When it appears that the alleged violation of a condition or conditions of parole consists of an offense with which the parolee is charged in a criminal case then pending, testimony given before the board or the administrative law judge in a parole revocation proceeding shall not be admissible in such criminal proceeding before a court."

In order for defendant to establish a due process violation for failure of the state to preserve potentially exculpatory evidence, a defendant must show that the lost evidence was material. More particularly, a defendant must establish that: (1) the evidence was suppressed, released, or destroyed by the prosecution; (2) the evidence had an exculpatory value that was apparent before it was released or destroyed; and (3) defendant was unable to obtain comparable evidence by other reasonably available means. *See People v. Greathouse*, 742 P.2d 334 (Colo.1987), citing *California v. Trombetta*, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984).

Even assuming that § 17–2–103(9)(a) does not preclude introduction of testimony taken at a parole revocation hearing, when offered by defendant, and even assuming the prosecution is responsible for producing the transcript of the parole revocation hearing, we agree with the trial court that defendant was able to obtain comparable evidence by other reasonably available means. Indeed, both co-defendants were available to testify as to the victim's revocation hearing testimony, as was the parole board member. In addition, defendant was able at trial to cross-examine all parties present at the revocation hearing, thus preserving his right to confront witnesses.

Thus, the trial court did not err in denying defendant's motion for dismissal prem-

ised upon the inaudibility of the revocation hearing tape recording.

### III.

Defendant finally contends that the trial court abused its discretion by imposing excessive sentences and ordering them to be served consecutively. While we disagree with defendant's contention, we remand for re-sentencing.

After this matter was at issue and submitted on the briefs, defendant requested leave to file a supplemental opening brief regarding the merger doctrine and consecutive sentences. The People, citing *Dubois v. People*, 26 Colo. 165, 57 P. 187 (1899) and *People v. Hubbard,* 184 Colo. 243, 519 P.2d 945 (1974), contend that defendant's motion should not be considered because he has presented a new issue on appeal, and his motion is not supplemental to his original arguments.

We conclude that defendant's motion does supplement his contentions that the trial court abused its discretion in imposing excessive sentences. Therefore, we consider his supplemental motion.

 In *People v. Henderson,* 794 P.2d 1050 (Colo.App.1989), this court held that if a defendant is convicted of kidnapping under § 18–3–302(3)(a), C.R.S. (1986 Repl.Vol. 8B), the underlying sexual assault charge must be viewed as a lesser included offense of the kidnapping charge, which must merge into the greater inclusive kidnapping offense. Under such circumstances, a separate conviction for the underlying sexual assault cannot stand, and the defendant may be sentenced only on the kidnapping conviction. *See Boulies v. People,* 770 P.2d 1274 (Colo.1989).

Because the rubric of *People v. Henderson, supra,* applies here, this case must be remanded for vacation of the judgment and sentence regarding the sexual assault conviction.

The judgment of conviction of kidnapping as a class 2 felony is affirmed, the judgment of conviction for sexual assault is vacated, and the cause is remanded for resentencing consistent with this opinion.

RULAND and DUBOFSKY, JJ., concur.