The PEOPLE of the State of
Colorado, Petitioner,

v.

Roy Hayes JOHNSON III, Respondent.

No. 90SC330.

Supreme Court of Colorado,
En Banc.

July 15, 1991.

Rehearing Denied Sept. 16, 1991.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Deborah Isenberg Pratt, Asst. Atty. Gen., Denver, for petitioner.

David F. Vela, State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for respondent.

Justice ERICKSON delivered the Opinion of the Court.

Certiorari was granted to determine whether first-degree sexual assault (section 18–3–402(3)(a), 8B C.R.S. (1986)), merges with second-degree kidnapping (section 18–3–302(3)(a), 8B C.R.S. (1986)). The court of appeals, relying on *People v. Henderson,* 794 P.2d 1050 (Colo.App.1989), held that the merger doctrine required that the sexu-al assault conviction and sentence be vacated. 802 P.2d 1105. We reversed *People v. Henderson,* holding that sexual assault did not merge into second-degree kidnapping. *People v. Henderson,* 810 P.2d 1058 (Colo. 1991).

Accordingly, we reverse the court of appeals and remand with directions to reinstate the judgment of conviction and sentence imposed on Roy Hayes Johnson III for sexual assault.

QUINN, J., dissents, and LOHR and KIRSHBAUM, JJ., join in the dissent.

Justice QUINN dissenting:

For reasons stated in my dissenting opinion in *People v. Henderson,* 810 P.2d 1058 (Colo.1991), I would affirm the judgment of the court of appeals and would hold that the defendant's conviction for the crime of first degree sexual assault, § 18–3–402, 8B C.R.S. (1986), merged with his conviction for second degree kidnapping involving sexual assault, § 18–3–302(3)(a), 8B C.R.S. (1986). I accordingly dissent.

LOHR and KIRSHBAUM, JJ., join in this dissent.